■ Steven J. Abramson, Respondent-Appellant, v Louis D. Colish et al., Appellants-Respondents, and Vicki Abramson, Respondent-Appellant.—In an action to set aside the sale of stock, the defendants appeal, by permission, from an order of the Supreme Court, Westchester County (Marbach, J.), entered December 1, 1988, which ordered an immediate hearing on the limited issue of whether the defendant Vicki Abramson

made a gift of certain shares of stock to the plaintiff, Steven Abramson, and deferred determination of their motion to dismiss the complaint until the conclusion of the hearing. The plaintiff appeals from so much of a judgment of the same court dated June 12, 1989, as, after a hearing, dismissed his complaint against all of the defendants except Vicki Abramson; and the defendant Vicki Abramson cross-appeals from so much of the judgment as found that she had made a gift of her stock to the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, and the complaint is dismissed insofar as asserted against Vicki Abramson; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The order, which directs a judicial hearing to aid the disposition of a motion, is not appealable as of right (see, Palma v Palma, 101 AD2d 812), and the defendants did not seek leave to appeal therefrom. Consequently, the appeal from the order has been dismissed.

In July 1988 the defendant Vicki Abramson, a shareholder of A. Colish, Inc., a closely-held, family-owned printing corporation, sold her stock to the defendants Ed Epstein and Richard Bright. At the time of the sale, Vicki and her husband, the plaintiff Steven Abramson, were engaged in divorce proceedings in Supreme Court, New York County. That court (Silbermann, J.) directed her to place one-half of the proceeds of the sale of the stock in escrow pending the determination of the action.

After the sale had been consummated, Mr. Abramson, who had been President of A. Colish, Inc., for approximately 10 years prior to separating from his wife, commenced this action in Westchester County to set aside the sale, claiming that the defendants had violated his preemptive rights. He alleged that his wife had made a gift of one-half of her stock to him in 1984, relying on a blank stock power executed by her in 1984 as evidence of the gift.

By order entered December 1, 1988, the Supreme Court held the defendants' subsequent motion to dismiss the complaint in abeyance, holding that a constructive delivery of the stock may have been made, and ordered an immediate hearing on the limited issue of whether a gift had, in fact, been made.

We find that the complaint should be dismissed in its entirety.

Absent a valid delivery, whether actual or constructive, a valid inter vivos transfer will not be found *(cf., Matter of Szabo,* 10 NY2d 94). The delivery needed to effectuate a gift " ' "must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit" ' "*(Gruen v Gruen,* 68 NY2d 48, 56-57). The papers submitted in support of, and in opposition to, the motion to dismiss clearly demonstrated that Vicki Abramson did *not* make a gift of her stock to the plaintiff.

The record shows that new stock certificates had been prepared in connection with the purported transfer of the stock and were in the plaintiff's possession, together with instructions from his attorney to have his wife execute them. Yet, the plaintiff failed to present them to his wife as instructed. Rather, he merely had her execute a stock power which was not complete in that it did not indicate the name of the donee. In addition, despite being President of the corporation and running its day-to-day operations, the plaintiff never had the purported transfer recorded on the corporate books. Accordingly, we hold that, as a matter of law, a valid inter vivos gift was not made in this case.

Inasmuch as the plaintiff cannot maintain an action to set aside the sale of stock without having an equity interest in the corporation, his complaint must be dismissed.

In light of our determination, we do not reach the plaintiff's remaining contentions. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.