■ In the Matter of the Estate of NATALIE AMATO, Deceased. BERNICE FINN, Appellant; NALDA McELHINNEY et al., Respondents. [696 NYS2d 881] —In an accounting proceeding pursuant to SCPA 2307, the executor appeals from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 30, 1998, as granted in part the cross motion of the objectant Nalda McElhinney for summary judgment on certain objections, and denied in part her cross motion for summary judgment dismissing certain objections of Lydia Whitney, Rose Chylinski, Nalda McElhinney, and Marie Bonavoglia.

Ordered that the order is modified by (1) deleting the provisions thereof denying those branches of the executor's cross motion which were for summary judgment dismissing the objections of Lydia Whitney, Rose Chylinski, and Marie Bonavoglia to the inclusion of the Bowne Street Building a/k/a Jonat Realty Corporation as an asset of the decedent's estate, and substituting therefor a provision granting those branches of the executor's cross motion, (2) deleting the provision thereof denying those branches of the executor's cross motion which were for summary judgment dismissing the objections of Lydia Whitney, Rose Chylinski, and Nalda McElhinney seeking to surcharge the executor for her failure to sell the decedent's Florida condominium, her failure to elect to defer payment of Federal and State estate taxes, and her failure to pay taxes on time, and substituting therefor a provision granting those branches of the executor's cross motion, (3) deleting the provision thereof granting that branch of the cross motion of Nalda McElhinney which was for summary judgment on her objection 4 (g) and substituting therefor a provision denying that branch of her cross motion, and (4) deleting the provision thereof denying that branch of the executor's cross motion which was for summary judgment dismissing Nalda McElhinney's objection 4 (g) and substituting therefor a provision granting that branch of the executor's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The executor properly included the Bowne Street Building a/k/a Jonat Realty Corporation as an asset of the decedent's estate. Although the record indicates that the decedent intended to give the stock of this corporation to her four daughters, the objectants and sole beneficiaries of her estate, the gift was not completed during the decedent's lifetime since no stock certificates were issued prior to her death (*see, Matter of Szabo,* 10 NY2d 94; *Abramson v Colish,* 169 AD2d 802; *Tsai v Tsai,* 39 AD2d 652). Accordingly, the Surrogate should have granted the executor's cross motion to dismiss the objections.

The executor was entitled to summary judgment dismissing the objections to her failure to sell the decedent's condominium in Florida, since the uncontroverted evidence established that she was prevented from disposing of this property by the objectants (*see, Matter of Sprong,* 144 Misc 293).

The executor was also entitled to summary judgment dismissing the objections to her failure to pay the estate's taxes on time or to defer payment of the taxes. The affidavit submitted by the accountant retained to perform the tax work for the

estate established that it was impossible for the estate to pay the taxes on time because of the limited liquid assets, and that the election to defer taxes was not economically feasible. Indeed, no penalties were imposed by the taxing authorities for the late filing because of the estate's inability to pay on time.

Contrary to the Surrogate's determination regarding objection 4 (g), the commissions earned by the executor under SCPA 2307 (1) and (2) are based on gross as opposed to net rentals (*see, Matter of Schinasi,* 277 NY 252; *Matter of Saphir,* 73 Misc 2d 907, 913).

The executor's remaining contentions are without merit. Bracken, J. P., Krausman, McGinity and Schmidt, JJ., concur.