In the Matter of the Estate of HARRY H. RIDER, Deceased. JOSEPH H. RIDER, Appellant; GLORIA MILLER, Respondent.— Appeal from a decree of the Surrogate's Court, St. Lawrence County, finding respondent entitled as surviving joint tenant to the proceeds of a savings account. On July 8, 1955 decedent opened a saving account with the Massena Savings and Loan Association. Despite the fact that the signature card which decedent signed on opening the account was one used to establish joint accounts the account was originally in his name alone and only his signature appeared on the card. On June 6, 1960 decedent executed a broad power of attorney to respondent which was subsequently filed with the Savings and Loan Association. In early February, 1961 respondent acting under this power of attorney requested an officer of the association to change the account to her name and decedent's " as our names are now." The association thereupon changed its records to indicate ownership of the account to repose in " Harry H. Rider or Gloria R. Miller." Although an officer of the association indicated that a right of survivorship was "expressly understood" the association records do not contain any language which would indicate such a right nor did decedent prior to his death on February 8, 1961 personally authorize the change. A witness for respondent testified that while she was at decedent's home in late December, 1960 decedent told her "I have just told Gloria I would like my account in both our names, so if anything happens to me then it will be her's to take care of." On the basis of this record the Surrogate found that the power of attorney authorized the change in the form of the account, a survivorship account was created within the meaning of subdivision 3 of section 239 of the Banking Law and that respondent had proven that decedent knowingly and consciously sanctioned the creation of the joint account and accordingly awarded the proceeds to respondent. Appellant asserts that the record does not support the determination of the court below. We agree. First it is clear that the banking records do not indicate that the money on deposit was held "in form to be paid to either *or the survivor*" (emphasis added) as prescribed by subdivision 3 of section 239 of the Banking Law. The failure to meet this statutory requirement as to form negates the availability to respondent of the presumptions afforded by section 239 (*Matter of Fenelon*, 262 N. Y. 57). When we look at the record shorn of presumptions it reveals that the account in question started as an individual account, even if the original signature card provided decedent by the association was one that could have been used for a joint account; that the form in which the account was carried by the association indicated no right of survivorship and that respondent's own statement as to the directions she gave to the association when she requested the account be changed did not hint that survivorship was intended. Even the testimony by respondent's witness is ambivalent as to whether decedent intended to confer any right of survivorship on respondent.

Here decedent left a will dividing his property equally between appellant and respondent. We believe that to undo this testamentary scheme the evidence must be more probative than present in the instant record. (See *Matter of Creekmore*, 1 N Y 2d 284, 295; *Matter of Bolin*, 136 N. Y. 177). Decree reversed and the case remitted for action not inconsistent herewith, with costs. Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ., concur.