■  In the Matter of the Estate of ETHELYN R. GILGORE, Deceased. HARRIET G. FRYER, Appellant; ELLEN C. STICKLER, as Executrix of ETHELYN R. GILGORE, Deceased, Respondent.—Appeal from a decree of the Surrogate's Court of Rensselaer County, entered March 17, 1976, which dismissed petitioner's objections to the final accounting of Ellen C. Stickler, as executrix of the estate of Ethelyn R. Gilgore, deceased, and approved the account as filed by said executrix. In March, 1970 decedent died leaving two daughters, respondent Ellen Stickler and petitioner Harriet Fryer, as her sole distributees. By her will executed July 13, 1969 decedent appointed respondent as executrix. Subsequent to probate of the will respondent filed an accounting to which petitioner filed objections. The Surrogate dismissed the objections and this appeal ensued. Petitioner initially contends that the proceeds of a sale by respondent of decedent's real estate in June of 1969 should be a part of the distributable estate of decedent. We are in agreement with the Surrogate that there was a valid *inter vivos* gift by decedent to respondent of the net proceeds of the sale. Respondent and her husband both testified in substance that when they brought the check for the proceeds to decedent, decedent stated that she wanted respondent to have it. Subsequently, an affidavit, drafted by decedent's attorney, was sworn to by decedent acknowledging the gift of the proceeds to respondent and specifying the reasons therefor. The elements of a valid gift *inter vivos* are donative intent, delivery of the subject matter of the gift and acceptance *(Matter of Szabo,* 10 NY2d 94). Title to property through a gift *inter vivos* as against the estate of a decedent must be supported by evidence of great probative force *(Matter of Kaminsky,* 17 AD2d 690, app dsmd 12 NY2d 840). Based on the record as a whole, we are of the opinion that respondent presented such evidence and, therefore, the finding of the Surrogate was proper. The remaining issue raised by petitioner pertains to the ownership of two joint bank accounts. In 1966 decedent assigned an undivided joint

interest in a savings account to respondent. In 1968 decedent similarly assigned an undivided joint interest in another savings account to respondent. These assignments clearly manifest decedent's intent to create joint tenancies. Furthermore, pursuant to subdivision (b) of section 675 of the Banking Law, petitioner had the burden of refuting respondent's prima facie evidence of decedent's intent to create a joint tenancy. Petitioner on this record wholly failed to sustain this burden and the Surrogate correctly decided that joint tenancies were created. Petitioner contends, however, that respondent withdrew moneys in excess of her moiety during decedent's life and that she should be compelled to return the excess to decedent's estate. The record amply supports the Surrogate's conclusion that the withdrawals in excess of respondent's moiety were used for the support and care of decedent and, therefore, were made with her consent and for her benefit. It is the opinion of this court that in a case such as the instant one where withdrawals in excess of the joint tenant's moiety are made with the consent of or for the benefit of the decedent, the surviving tenant will not be required to return the excess to the decedent's estate (see *Matter of Kleinberg v Heller,* 38 NY2d 836). Therefore, the decree of the Surrogate should not be disturbed. Decree affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Larkin, JJ., concur.