■ In the Matter of the Estate of MICHAEL CRISTO, SR., Deceased. SEBASTIAN CRISTO, as Temporary Coadministrator, Appellant; MICHAEL P. CRISTO, JR., as Temporary Coadministrator, Respondent. — Appeal from that part of a decree of the Surrogate's Court of Rensselaer County (Travers, S.), entered June 6, 1980, which, *inter alia*, held that decedent made a valid *inter vivos* gift of 43 shares of stock in M. Cristo, Inc., to his son Michael P. Cristo, Jr. This appeal is limited solely to a determination made by the Surrogate after trial upon cross objections to separate accountings filed by two coadministrators of the estate of Michael Cristo, Sr. The objectants are sons of the decedent. At issue is the ownership of 43 shares of stock in M. Cristo, Inc., a close corporation. The Surrogate found that the shares had been given to Michael P. Cristo, Jr., by valid *inter vivos* gifts, during the years 1966 to 1972, out of 100 shares of stock originally issued to decedent. The Surrogate also found a lack of clear and convincing evidence of intent to give 16 additional shares claimed by Michael

P. Cristo, Jr. The requisite elements of a valid *inter vivos* gift are donative intent, delivery of the subject matter, and acceptance by the donee (*Matter of Szabo,* 10 NY2d 94, 98; *Matter of Gilgore,* 55 AD2d 734), all of which the Surrogate found were established upon the trial. Admitted into evidence were certificates representing annual transfers of shares of stock in varying amounts over a period of six years to Michael P. Cristo, Jr., and concomitant certificates issued to decedent for the number of shares he retained after reduction of the number transferred. The preparation of every certificate was performed by an accountant who testified that he did so at the direction of, and pursuant to a letter of authorization from the decedent. As part of each transfer, decedent signed a transfer of the specific number of shares to be transferred on the back of the certificates he held. In every instance, both decedent and the donee each separately signed the new certificates, all of which were left with the accountant for safekeeping. Several questions remain unanswered, such as the reasons for the failure by the accountant to make appropriate entries of transfers and cancellations on the corporate records, the failure to file gift tax returns, the failure to affix transfer tax stamps, and the failure to include accurate reports of stock ownership on corporate income tax returns. These omissions, however, did not operate to prevent transfer of title from decedent to his donee since the recording requirements are only for the protection of the corporation (*Chemical Nat. Bank of N. Y. v Colwell,* 132 NY 250). Delivery was complete when Michael P. Cristo, Jr., signed his name as officer and left the certificates with the accountant as his agent for safekeeping (Uniform Commercial Code, § 8-313). The failure to complete the stock transfer ledger or certificate stubs would be determinative only in the event the donor retained any beneficial interest in any of the shares represented by the certificates (*Matter of Szabo,* 10 NY2d 94, *supra*). This court will not disturb findings of fact which have sufficient support in the credible evidence and in the permissible inferences therefrom, even though there is some evidence leading to a contrary conclusion. Unless a verdict is contrary to law, palpably wrong, or appears to be without reason, it will not be disturbed (see *Bolnick v State of New York,* 84 AD2d 866; *Corey v Powell,* 53 AD2d 924; 4 NY Jur 2d, Appellate Review, § 429, p 543). Objectant Sebastian Cristo's argument that the Surrogate erred in excluding testimony by the witness Amelia Cristo concerning a statement made to her by decedent, while correct, would not in our opinion require a change in the ultimate determination. The Surrogate could correctly find that decedent intended to give equally to his three sons those shares of stock in the corporation which he owned at the time of his death, rather than all of the shares therein. Such error was harmless. Decree affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.