■ ROBERT MORTELLARO, Appellant, v JO ANN MORTELLARO et al., Respondents. — Judgment unanimously reversed, on the law and facts, without costs, and judgment granted in accordance with the following memorandum: This record lacks the clear, convincing and satisfactory evidence necessary to support the finding of a completed *inter vivos* gift (see *Matter of Cristo,* 86 AD2d 700). This is not meant to imply that the proof of a gift must be by more than a fair preponderance of the evidence, but such evidence in these cases must be more carefully and critically scrutinized (*Matter of Kelsey,* 29 AD2d 450, 456, affd 26 NY2d 792). The requisite elements necessary to establish a valid *inter vivos* gift are an intent on the part of the donor to give; delivery of the property given pursuant to such intent; and an acceptance on the part of the donee (*Matter of Szabo,* 10 NY2d 94; *Matter of Gilgore,* 55 AD2d 734). The record discloses that from the time of the marriage of the parties through 1967 both were employed and held their savings in a joint bank account. Thereafter only plaintiff husband was employed but he continued to place all savings in a joint account. On April 11, 1975, plaintiff withdrew $20,000 from the joint account containing approximately $28,000 and placed this money in a six-year term account in the sole name of defendant wife. The passbook was kept in a common dresser drawer together with the passbook for the joint account. Neither party removed the passbook for the term account from the dresser prior to the commencement of the divorce action by defendant in June, 1979. There was no discussion as to the disposition of the money in the term account on maturity although there is testimony that the parties had discussed purchasing another home or early retirement. Defendant testified that plaintiff did not relate to her his reason for opening the account in her name but that she understood that because the account was in her name that the money in it was hers. However, it is undisputed that defendant never signed a signature card. Plaintiff testified that he opened the term account because it had a higher rate of interest and that he placed it in his wife's name as a matter of convenience because he did not have a will and did not want defendant to have any difficulty withdrawing the money from the joint account in the event something happened to him. In determining whether plaintiff possessed the requisite donative intent, it must be established that plaintiff, as donor, intended to pass a present right of property (*Young v Young,* 80 NY 422, 436; *Matter of Abramowitz,* 38 AD2d 387, 392-393, affd 32 NY2d 654). Any presumption in defendant's favor is not supported on this record by other evidence of an intent to pass a present right of property to defendant. Plaintiff's testimony that the account was opened as a matter of convenience is corroborated by testimony of an impartial witness. It was further established that plaintiff was not prone to make large gifts. Although plaintiff did not add his name to the term account after learning that defendant would not have had any difficulty withdrawing money from the joint account, plaintiff plausibly explained that nothing was done because he thought a penalty would have been incurred. The delivery required for a valid gift must be such as to vest the donee with control and dominion over the property (*Matter of Szabo, supra,* p 98). Placing the passbook in a common dresser drawer was an equivocal act which did not give defendant control of the term account or remove plaintiff's control. In fact, plaintiff exercised control of the account by instructing

defendant that she was not to withdraw any money from the account because there would be a penalty and she complied with plaintiff's direction. No attempt was made by her to exercise control of the passbook by taking possession until after the divorce action was commenced. Donative intent and delivery are the key elements to finding a gift (*Gordon v Gordon,* 70 AD2d 86, 90, affd 52 NY2d 773) because acceptance may be implied where the gift, otherwise complete, is beneficial to the donee (*Beaver v Beaver,* 117 NY 421, 429). In this case, acceptance may not be implied because intent and delivery are lacking. Furthermore, there is no evidence that defendant accepted the term account. Inasmuch as the burden of proving that a gift had been made is upon the one asserting it (*Matter of Anrig,* 73 AD2d 947), and defendant has failed to sustain that burden, the trial court's finding must be reversed and judgment granted awarding the proceeds of the term account equally to the parties hereto. (Appeal from judgment of Supreme Court, Erie County, Kramer, J. — savings account — ownership of funds.) Present — Simons, J. P., Hancock, Jr., Callahan, Boomer and Moule, JJ.