■ BRENNAN'S BUS SERVICE, INC., Respondent, v GRACE M. BRENNAN, Appellant. — Appeal from a judgment of the Supreme

Court in favor of plaintiff, entered October 20, 1983 in Albany County, upon a decision of the court at Trial Term (Pennock, J.), without a jury.

Plaintiff brought suit against defendant for conversion of $80,000 of corporate funds. Shortly thereafter, defendant brought a separation action, in which she was ultimately successful, against her husband, James P. Brennan, the sole owner of plaintiff. These actions were consolidated and tried without a jury. Defendant challenges the trial court's disposition of the conversion action in plaintiff's favor.

Beginning in 1970, when plaintiff commenced business in the City of Cohoes, defendant served as the corporation's bookkeeper. The 1980 Winter Olympics held in Lake Placid generated unprecedented revenue for the corporation. Sometime in March of 1980, Mr. Brennan withdrew $80,000 from an account which had been maintained in the corporation's name in a Lake Placid bank. That money, invested in certificates of deposit (CDs) to secure a higher interest, was placed in the name of defendant rather than that of plaintiff. Mr. Brennan, who resides in Cohoes where his corporation is also located, explained that it would have been difficult for him to personally retrieve the funds from the Lake Placid bank, and that he therefore made the CDs payable to his wife who was to use the funds for future business expenses and anticipated taxes. Defendant, on the other hand, testified that her husband gave her the money as a gift for "all the years of hardship and raising a family and being a good wife". Three defense witnesses, a close mutual friend of the Brennan family, Mr. Brennan's sister and one of the Brennans' daughters, stated that Mr. Brennan had on various occasions acknowledged that the money was a gift. It is undisputed that as of the time of trial, defendant had parted with all but $7,000 and that the money disposed of had not been expended for corporate purposes.

Following the close of the testimony, formal findings of fact having been waived, the trial court issued an oral decision in favor of the corporation which was later reduced to a judgment in the amount of $86,682.12 plus interest; execution of the judgment was stayed until the Brennans' marital property, including the bus business, is equitably divided pursuant to section 236 of the Domestic Relations Law; the $7,000 still in defendant's possession was to be turned over to plaintiff's trustee in bankruptcy. The trial court found that "there was no gift * * * of this money to the wife; that if there was a gift, it was from the person himself, the husband" and further that "this was a conversion; that she had no authority to deposit those

moneys to her account". We are unable to say that the trial court's finding based as it is on the credibility of the witnesses is contrary to law, palpably wrong or devoid of reason (*Matter of Cristo,* 86 AD2d 700). Accordingly, we affirm.

The principal issue that the trial court was required to pass upon involved what Mr. Brennan's reason was for placing the CDs in his wife's name. Credible evidence supports the court's conclusion that the $80,000 transfer to defendant was undertaken for business purposes and not as a gratuity. There is evidence that defendant, as the corporation's bookkeeper, attended to the corporate banking, that the distance between Cohoes and Lake Placid prompted the corporation to open an account in Lake Placid so that it would have the services of a local bank to draw upon while working there, and that it would have been too arduous for Mr. Brennan, who was engaged in driving busses, to personally oversee and reclaim those funds. His testimony that the $80,000 was placed in his wife's name for higher interest and convenient dispersal is consistent with this evidence. The contrary and irreconcilable testimony offered on behalf of defendant merely presented a credibility issue which the court resolved in plaintiff's favor. Inasmuch as it had the advantage of seeing and hearing the witnesses first hand, we defer to the trial court's judgment in this regard (cf. *Gloria R. v George P. L.,* 57 AD2d 892).

A fair reading of the court's decision indicates that it relied on two grounds in denying defendant's claim, namely, that there was no gift and also that the alleged gift was invalid because it came from corporate moneys. Since the trial court determined that no gift had in fact been made, defendant's claim that the court did not decide the issue of whether Mr. Brennan intended to make a gift is spurious. Since we join in the trial court's determination that there was no gift here, an analysis of the propriety of the court's alternate ground for rejecting defendant's claim is unnecessary and has not been undertaken.

Judgment affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.