■ In the Matter of the Estate of ROBERT R. MACGREGOR, Deceased. EDWARD T. STACK, as Administrator of the Estate of ROBERT R. MACGREGOR, Deceased, Respondent; ROBERT E.

MacGregor, Appellant.—Weiss, J. Appeal from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered November 15, 1984, which determined that certain real property is owned by decedent's estate.

Robert R. MacGregor died intestate on July 1, 1982 and, on January 24, 1984, letters of administration were issued to petitioner, who is the chief fiscal officer of Albany County. On April 6, 1984, petitioner commenced this proceeding pursuant to SCPA 2103 and 209 to determine whether decedent's estate had an interest in premises located at 50 Congress Street in the City of Cohoes, Albany County. Respondent, who is decedent's son, claims title to the property by virtue of an unrecorded warranty deed, dated and acknowledged November 10, 1975, through which decedent purportedly transferred title to himself and respondent "as tenants in common with right of survivorship". At the hearing to review the circumstances attending the purported transfer of title, the sole witness, Joan A. Gendron, a Commissioner of Deeds, testified that she prepared the deed, presented it to decedent for execution, acknowledged his signature and observed decedent hand the deed to respondent. Respondent then placed the document on the hutch in the living room. Significantly, Gendron instructed decedent that "if he [the father] had the deed recorded, the property no longer belonged to him". The deed was admitted into evidence. The Surrogate held that the proof failed to demonstrate actual delivery of the deed by decedent to respondent sufficient to establish a valid inter vivos gift of an interest in the property. Therefore, the Surrogate determined that the property belonged to decedent's estate. Respondent has appealed.

We affirm. It has long been settled that: "One who attempts to establish title to property through a gift *inter vivos* as against a decedent's estate has a very heavy burden to sustain. The proof must be of great probative force and must clearly establish every element of a valid gift *(Matter of Kennedy,* 36 A D 2d 549; *Matter of Kaminsky,* 17 A D 2d 690)." *(Matter of Abromowitz,* 38 AD2d 387, 389, *affd* 32 NY2d 654.) Respondent was required to establish three essential elements: donative intent, delivery and acceptance *(see, Matter of Szabo,* 10 NY2d 94; *Matter of Gilgore,* 55 AD2d 734). More specifically, it was necessary to demonstrate an intent to pass a present right of property, thereby vesting the grantee with dominion and control *(Mortellaro v Mortellaro,* 91 AD2d 862). These principles in mind, we agree that respondent failed to make the requisite showing. Given Gendron's instruction to

decedent that upon the recording of the deed he would relinquish title, the fact that the deed was never recorded evidences his lack of a present intention to convey. The fact that decedent handed the deed to his son, who placed it on the hutch, was an equivocal act which did not necessarily effect a release of decedent's control *(see, supra; see also, Matter of Carr,* 99 AD2d 390, 393, *appeal dismissed* 62 NY2d 802), particularly since, as the deed indicates, both decedent and respondent resided at the subject premises, a two-family home. There is no indication that decedent could not, nor did not, resume possession of the instrument. Since respondent failed to sustain his burden of proof *(see, Matter of Anrig,* 73 AD2d 947), the order must be affirmed. It is unnecessary to reach any other issue.

Order affirmed, with costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.