■■■ In the Matter of HENRY S. SEIDEL, as Executor of BESSIE M. SEIDEL, Deceased.—Decree unanimously affirmed with costs. Memorandum: Petitioner, executor of the estate of his mother, Bessie Seidel, appeals from a determination by the

Surrogate that the proceeds of two bank accounts should be included in the estate. The signature cards on both accounts contained only the designation "Bessie S. Seidel or Henry S. Seidel" and contained no words of survivorship and no recital that the accounts were joint accounts. Thus the presumption of joint tenancy in section 675 of the Banking Law does not apply (see, Matter of Hollweg, 67 AD2d 1001; Matter of Rider, 16 AD2d 1014). Since he could not invoke the statutory presumption, petitioner had the burden of establishing that the accounts were joint tenancies or a gift entitling him to rights as the survivor (see, Matter of Hollweg, supra, at 1002; Lombardi v First Natl. Bank, 23 AD2d 713). Petitioner failed to meet that burden. The record establishes that both accounts were opened by the decedent, that petitioner's name was added shortly before she died and that she retained possession of the passbooks. Although petitioner attempted to show that he had contributed to those accounts, he offered no documentary proof of such contribution and the Surrogate found that his testimony in that regard was not credible. Similarly, petitioner offered no proof of his claim that he had made certain withdrawals for his own benefit. To the contrary, three days before his mother's death, he withdrew $2,897 from one account for the purpose of paying funeral expenses and he advised his sister of the purpose for that withdrawal. Further, decedent's testamentary scheme belies petitioner's claim that his mother intended to confer a gift on him by putting his name on the bank accounts. Decedent executed her will after petitioner's name was placed on the larger account. It provided for distribution of her residuary estate in equal parts to petitioner, a brother and a sister. Since the bank accounts constituted a major portion of her estate, such testamentary direction would be inconsistent with petitioner's claim that decedent conferred a survivorship interest on him (see, Matter of Camarda, 63 AD2d 837, 839; Matter of Rider, supra). (Appeal from decree of Onondaga County Surrogate's Court, Reagan, S.—judicial settlement.) Present—Denman, J. P., Green, Balio, Lawton and Davis, JJ.