■ INDUSTRIAL PAINT SERVICES CORPORATION, Appellant, v FLOWER CITY GLASS COMPANY, INC., Respondent.—Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Rose, J.), entered August 19, 1991 in Tioga County, upon a decision of the court in favor of defendant.

Plaintiff entered into a contract with defendant by the terms of which plaintiff was to prime and paint a number of steel panels, for use in the renovation of a gymnasium at Syracuse University. A majority of the panels were galvanized, the remainder prepainted. The contract provided that the galvanized panels would be coated with primer to a thickness of 0.2 mils, and then painted with an additional 1 mil top coat. Plaintiff specifically disclaimed any guarantee that the paint would adhere to "any application previously applied" to the panels.

The panels were painted, returned to defendant and installed at the gymnasium. Several months later the paint began peeling from the galvanized panels; defendant informed plaintiff of this and shipped new panels for painting. Plaintiff, however, refused to do any more work until it was paid for the initial paint job. Defendant, in turn, refused to pay until plaintiff competently performed the contract. The new panels were eventually returned to defendant, unpainted.

Plaintiff thereupon commenced this action seeking payment under the contract. Defendant answered and counterclaimed for damages said to be occasioned by plaintiff's alleged incompetent performance of the contract; plaintiff replied. After a bench trial, Supreme Court determined that plaintiff had failed to perform under the contract, in that the galvanized panels had not been primed before the top coats were applied. Plaintiff's complaint was dismissed and, as defendant's damages were uncontested, the court entered judgment in defendant's favor on the counterclaim for $12,891.98 plus costs and disbursements. Plaintiff appeals.

It is plaintiff's contention that the testimony of the individual who supervised the disputed work establishes that the panels were properly treated, primed and painted, and that Supreme Court's decision is therefore against the weight of the evidence. Defendant, however, submitted the testimony of a qualified expert who concluded that no primer was present. No convincing reason has been advanced why we should reject the court's finding that the expert's testimony "convincingly discredited [plaintiff's supervisor]'s assertions" *(see, Kellogg v Kellogg,* 185 AD2d 426). The expert was an experienced

painter and his conclusion was based on examination of one of the peeling panels with a Tooke gauge, an instrument that is used in the industry to settle disputes of this kind. In addition to slicing the paint with the gauge and examining it for visual evidence of primer, he also measured the over-all thickness of the coating, and found it to be only 1 mil—the expected thickness if no primer was applied. Thus, Supreme Court's determination that plaintiff failed to apply primer to the galvanized panels as called for by the contract is fully borne out by the record (see, Trode v Omnetics, Inc., 106 AD2d 808, 809). Having accepted the expert's testimony, the court properly ruled that plaintiff had materially breached the contract and therefore was not entitled to recover on its complaint.

Furthermore, Supreme Court's determination that defendant carried its burden of proof on the counterclaim has ample record support. In addition to testifying that no primer was applied to the panels, defendant's expert also opined that the cause of the peeling was "poor surface preparation or poor application". His testimony, considered as a whole (see, Matott v Ward, 48 NY2d 455, 462-463), justifies the inference that failure to apply the primer was the reason for the peeling (see, Matter of Cristo, 86 AD2d 700, 701).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.