■ In the Matter of the Estate of ELIZABETH G. COPPOLA, Deceased. CYNTHIA HERCHENRODER et al., Respondents; PATRICIA M. GOLDEN, Appellant.—Mikoll, J. P. Appeal from an order of Surrogate's Court of Montgomery County (Mycek, S.), entered December 6, 1991, which, *inter alia,* sustained an objection to the supplemental account of the estate of Elizabeth G. Coppola.

The discrete issue herein is whether Surrogate's Court properly found that a bank account held in the name of "Elizabeth G. Coppola or Patricia Golden Patricia Golden POA" was created solely for decedent's convenience and, therefore, should be listed as an estate asset.

Elizabeth G. Coppola (hereinafter decedent), a widow, was diagnosed as having terminal cancer sometime in 1988. In July 1988, decedent executed a will, essentially dividing everything equally among her six adult children. In December 1988 a limited power of attorney which included banking, bond, share and commodity transactions over decedent's affairs was conferred upon Patricia M. Golden, decedent's daughter. In May 1988 decedent sold her home and put the proceeds of same, $93,000, first into her checking account, and after giving

petitioner (another of decedent's daughters) $10,000 for the improvement of her house, the remaining $83,000 was put into a certificate of deposit bearing the title, "Elizabeth G. Coppola or Patricia Golden Patricia Golden POA" (hereinafter the disputed account). Decedent died in July 1989. In November 1989, Golden removed the balance of the disputed account and deposited it into her own account.

Petitioner became the executrix of decedent's estate in October 1989. She filed an account to which respondents, also daughters of decedent, filed an objection. A supplemental account was filed and objections were filed thereto by respondents on the ground, *inter alia,* that petitioner failed to marshal, as an estate asset, the disputed account. After a nonjury trial, Surrogate's Court determined the presumption of joint tenancy under Banking Law § 675 was inapplicable to the disputed account and, moreover, that no common-law right of survivorship existed to the disputed account. Surrogate's Court found that the evidence established that the disputed account was created solely for decedent's convenience and should be listed as an estate asset. This appeal by Golden ensued.

There should be an affirmance. In the instant case, no survivorship language appears on the signature card opening the account. The word "or" used in the title of the account is insufficient to create a right of survivorship *(see, Matter of Timoshevich,* 133 AD2d 1011, 1012). Neither is the addition of Golden's name under power of attorney sufficient to create an account with rights of survivorship *(see, Matter of Rider,* 16 AD2d 1014).

The evidence indicated that decedent alone provided all the money in the disputed account; that the account was opened at decedent's urging; that decedent authorized the sole withdrawal from the account; that the account bore Golden's name because she was in charge of decedent's financial affairs; that the moneys therein were to be used for decedent's expenses; that decedent never indicated that a gift of the account was intended to be made in Golden's favor and that, to the contrary, decedent indicated that her estate, including the proceeds from the sale of decedent's home, was to be divided equally among her children.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.