■ In the Matter of the Estate of FRANK F. HOLMBERG, SR., Deceased. FRANK F. HOLMBERG, JR., Appellant; CHRISTINE H. FREIBERGER, Respondent. [614 NYS2d 751] —In a proceeding for the judicial settlement of the accounts of the petitioner as executor under the will of Frank F. Holmberg, Sr., and as the decedent's attorney-in-fact, the petitioner appeals from so much of an order of the Surrogate's Court, Suffolk County (Signorelli, S.), dated December 3, 1991, as, after a non-jury trial (1) directed him, as executor to pay a surcharge in the amount of $65,000, plus interest, to the objectant, Christine Holmberg Freiberger, (2) directed him, as attorney-in-fact, to pay a surcharge of $13,747.79, plus interest, to the decedent's estate, (3) denied his application to recover the litigation expenses incurred by him as executor during this proceeding, and (4) denied his application for an executor's commission.

Ordered that the order is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provisions thereof that: (1) directed the petitioner to pay a surcharge of $65,000, plus interest, to the objectant, (2) directed him to pay a surcharge of $13,747.79, plus interest, to the estate, and (3) denied his application to recover legal fees in connection with this litigation, and substituting therefor a provision that he is entitled to recover legal fees expended in this proceeding, and the matter is remitted to the Surrogate's Court, Suffolk County, for a hearing to determine the amount of those fees; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Frank F. Holmberg, Sr., died on January 29, 1987. Under the terms of the decedent's will, his son, the appellant Frank F. Holmberg, Jr., and his daughter, Christine Holmberg Freiberger, the objectant, were bequeathed equal shares of the estate. The will also named the appellant as the executor. Prior to his death, the decedent had given the appellant a power of attorney pursuant to which, for the last few years of the decedent's life, the appellant had paid the decedent's bills and expenses.

Contrary to the findings of the Surrogate, we conclude that the appellant, as attorney-in-fact, produced sufficient evidence to establish that the challenged expenditures were made for

the benefit of the decedent and were reasonable. The proof included the original ledgers containing notations with respect to the purpose of the expenditures and cancelled checks. The Surrogate correctly placed the burden of proof upon the appellant as the accounting party, to establish that the challenged payments were proper (see, Vinlis Constr. Co. v Roreck, 30 AD2d 668; see also, 4A Warren's Heaton Surrogates' Courts § 383 [1], at 72-9). We find that he met his burden. Moreover, with respect to the appellant's account as attorney-in-fact the Surrogate erred in surcharging the appellant for a shortage in the account. The evidence established that there was in fact, a surplus of $2,199.59 rather than a shortage.

In connection with the appellant's account as executor, the Surrogate did not improvidently exercise his discretion in denying the application for an executor's commission. The appellant clearly waived his entitlement to a commission to the detriment of the objectant. Accordingly, the appellant was estopped from withdrawing his waiver (see, Matter of Schenck, 63 Misc 2d 721, 725). However, we do not agree that the appellant, as executor, violated his fiduciary obligations with respect to the sale of the decedent's home (cf., Matter of Donner, 82 NY2d 574). Thus, it was error to award the objectant $65,000 as one-half the difference between the actual sale price i.e., $350,000, and $480,000, which according to the Surrogate represented the "more accurate valuation". We further find that the appellant is entitled to an award of reasonable legal fees from the estate, to compensate him for expenses incurred in defending against the objectant's numerous and largely baseless objections (see, Matter of Kinzer, 195 AD2d 464; Matter of Smolley, 188 AD2d 535). Bracken, J. P., Miller, Copertino and Hart, JJ., concur.