■ In the Matter of the Estate of ELIZABETH F. MAGACS, Deceased. JOHN MAGACS, Individually and Executor of ELIZABETH F. MAGACS, Deceased, Respondent; B. JEAN SPENCER, Appellant. [642 NYS2d 361] —Yesawich Jr., J. Appeal from an order of the Surrogate's Court of Tompkins County (Sherman, S.), entered May 24, 1995, which, *inter alia*, directed respondent to turn over certain funds to the estate.

Elizabeth F. Magacs (hereinafter decedent) died testate in November 1987, leaving certain real property to respondent, with the remainder of her estate to be divided equally between her three children, petitioner, respondent and Andrew Magacs (hereinafter Magacs). Shortly after decedent suffered a disabling stroke in June 1984, respondent took over the management of decedent's affairs.

At that point, decedent held three bank accounts bearing both her name and that of respondent, which respondent contends were intended to be joint accounts with right of

survivorship. In March 1985, respondent closed these accounts, transferring the moneys therefrom (amounting, in all, to approximately $29,000) into her own personal savings account. While handling her mother's finances, respondent also closed out two accounts that had been held in decedent's name alone, transferring their contents into a special checking account from which decedent's expenses were assertedly paid. In so doing, however, respondent withheld $12,000 of the funds from the original accounts. Respondent contends she retained these funds to partially reimburse herself for moneys she had previously expended for her parents' benefit.

Petitioner, in his capacity as executor of decedent's estate, rendered an accounting which included these amounts, totaling approximately $41,000, as estate assets. Respondent and Magacs objected and, following a hearing, Surrogate's Court found in petitioner's favor. This appeal by respondent followed.

The Banking Law creates a presumption of joint tenancy when an account, established in the names of two parties, provides that the amounts therein are to be paid to "either, or the survivor of them" (Banking Law § 675 [a]). Significantly, however, the signature cards for two of the three purportedly "joint" accounts at issue here did not bear this language (*see, Matter of Coppola*, 189 AD2d 933, 934). Nor was the other record evidence sufficient to demonstrate that decedent intended to create joint tenancies in those two accounts (*see, Matter of Timoshevich*, 133 AD2d 1011, 1012; *Matter of Thomas*, 43 AD2d 446, 449). Although Magacs testified that decedent told him that she had set aside money "for" respondent, there was no evidence that she had intended to create in her daughter a present interest in those funds (which, even if they were derived from sums respondent paid decedent as rent, nevertheless would thereafter have been decedent's funds, to do with as she wished) (*cf., Mortellaro v Mortellaro*, 91 AD2d 862), or that these two accounts in particular had been maintained for that purpose.

Moreover, respondent's reliance upon Magacs' testimony that decedent's intent in setting aside these funds had been to equalize gifts that had been made to the three children over the years is at odds with the fact that the three accounts contained over $29,000, while the record, though not entirely clear in this respect, indicates that neither of decedent's two sons received more than $8,000 during their mother's lifetime (*see, Matter of Seidel*, 134 AD2d 879, 880). Taken together, this evidence merely "invites conjecture" as to decedent's intent when she opened the accounts, and hence is not sufficient to

prove that she meant to create a joint tenancy with respondent therein (*Matter of Timoshevich, supra,* at 1012).*

Respondent's further assertion that decedent made her a gift inter vivos of all or part of the moneys in these two accounts is also unavailing given the complete absence of any evidence of delivery (*see, Matter of MacGregor,* 119 AD2d 909, 910; *Mortellaro v Mortellaro, supra,* at 862-863). It suffices to note that it is undisputed that decedent kept the account passbooks in a purse from which respondent removed them, not at decedent's direction, but on her own initiative.

The signature card adding respondent's name to the third account does, however, contain the requisite survivorship language to bring that account within the ambit of Banking Law § 675 (b). A later card, relied upon by petitioner as manifesting a change in the status of this account, does not, by its plain language, work any such modification. Rather, its obvious purpose was merely to update the account records to reflect respondent's name change after she had married. The presumption of a joint tenancy in this account not having been rebutted, the funds respondent withdrew therefrom cannot be considered estate assets (*see, Matter of Kessler,* 55 Misc 2d 17, 19, *affd* 35 AD2d 710, *affd* 30 NY2d 821).

Lastly, we find that Surrogate's Court did not err in rejecting respondent's contention that she should be permitted to retain the $12,000 she withheld from decedent's accounts as reimbursement for expenses incurred on the latter's behalf, for respondent simply did not meet her obligation of proving her right to such reimbursement (*cf., Matter of Holmberg,* 206 AD2d 479, 480). Notable in this regard is the fact that the record is barren of any proof of the nature or extent of these alleged expenditures. Even were we to consider respondent's argument, raised for the first time on appeal, that she transferred from her own accounts into those used for decedent's expenses amounts in excess of the $12,000 claimed, this circumstance without more does not satisfy respondent's burden, for it does not establish that the funds were thereafter actually applied for decedent's benefit.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting therefrom the direction that respondent return to the estate the sum of $10,995.59, together with interest, representing the amount withdrawn from Citizens Savings Bank account No. 014800783, and, as so modified, affirmed.

---

* Respondent's testimony on this issue, being inadmissible by reason of CPLR 4519 (the "Dead Man's Statute"), has been disregarded.