■ In the Matter of the Estate of NANCY J. LEAVITT, Deceased. JOHN NACCA, as Guardian ad Litem for JOHN SLOAN, et al., Appellants; LESLIE J. HARMER et al., as Co-Executors, Respondents. [647 NYS2d 619] —Order and judgment unanimously affirmed without costs. Memorandum: The guardian and guardian ad litem of John Sloan (respondents) contend

that Surrogate's Court erred in directing the stakeholder, Chase Manhattan Bank, to pay $29,898.50 from a bank account entitled "Nancy J. Leavitt FBO John Sloan." We disagree. Leavitt, Sloan's sister and representative payee, opened the account in 1992 on behalf of Sloan, a judicially declared incompetent, and deposited his disability checks therein. On February 25, 1994, less than a year before she died, Leavitt deposited $29,333.01 of her own money into the account.

Respondents did not meet their burden of proving that the deposit of Leavitt's funds into Sloan's account constituted an inter vivos gift (*see, Mortellaro v Mortellaro*, 91 AD2d 862; *see also*, Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 58A, SCPA 2104, at 415). To make a gift, the donor must divest herself of dominion and control over the property (*see, Gruen v Gruen*, 68 NY2d 48, 56; *Matter of Szabo*, 10 NY2d 94, 98). Here, there is no evidence that Leavitt relinquished dominion and control over the funds, which she could have withdrawn from the account at any time. Moreover, as respondents concede, Leavitt did not establish a Totten trust under EPTL 7-5.2. We conclude, therefore, that the court properly directed the stakeholder to pay the funds to petitioner. (Appeal from Order and Judgment of Monroe County Surrogate's Court, Ciaccio, S.—Summary Judgment.) Present— Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.