■ In the Matter of the Estate of Isabella C. Mincer, Deceased. Janet M. Emerson et al., as Executors of Isabella C. Mincer, Deceased, Respondents; James Mincer, Appellant. [845 NYS2d 900]—

Appeal from a decree of the Surrogate's Court, Ontario

County (Frederick G. Reed, S.), entered September 22, 2006. The decree directed respondent to pay petitioners the sum of $26,225.

It is hereby ordered that the decree so appealed from be and the same hereby is unanimously modified on the law by providing that respondent is to pay petitioners the sum of $7,700 and directing petitioners to deduct the sum of $18,525 from respondent's bequest and as modified the decree is affirmed without costs.

Memorandum: Respondent, decedent's son, appeals from a decree directing him to pay petitioners, as executors of decedent's estate, the sum of $26,225, representing $7,700 in loans made by decedent to him and $18,525, which respondent received as the sole beneficiary of an annuity. We reject the contention of respondent that Surrogate's Court ignored uncontroverted testimony at trial establishing that he did not owe decedent money at the time of her death. The Surrogate's determination that respondent owed decedent $7,700 in outstanding loans at the time of her death involved matters of credibility, and "[t]he determination of the Surrogate, who presided at the trial and heard all of the testimony, is entitled to great weight in this case" (*Matter of Morris*, 208 AD2d 733, 733 [1994]).

Although we agree with respondent that the Surrogate erred in determining that he was required to prove that the annuity constituted an inter vivos gift and failed to do so, we conclude that the error is harmless. There is no evidence that decedent "relinquished dominion and control over the funds" in the annuity during her lifetime or that she intended to do so (*Matter of Leavitt*, 231 AD2d 857, 858 [1996]). The annuity therefore cannot be considered an inter vivos gift, and respondent thus was not required to prove that it was such a gift. We conclude, however, that the Surrogate erred in directing respondent "to reimburse the estate in the amount of . . . $18,525, the amount of the annuity." Pursuant to the terms of decedent's will, decedent left her residual estate to her children in equal shares and provided that the share of each child be reduced by, inter alia, the amount of any annuity death benefit received. We therefore modify the decree accordingly.

Respondent's remaining contention is based upon matters outside the record on appeal and thus is not properly before us (*see Matter of Prudential Prop. & Cas. Ins. Co. v Ambeau*, 19 AD3d 999 [2005]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.