Matter of Najjar (Sanzone) (2021 NY Slip Op 03777)





Matter of Najjar (Sanzone)


2021 NY Slip Op 03777


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


1076 CA 20-00398

[*1]MARCIA J. NAJJAR, AS CO-EXECUTOR OF THE ESTATE OF ROSAMOND M. NAJJAR, DECEASED, RESPONDENT-APPELLANT-RESPONDENT.DONNA SANZONE AND ROBERT NAJJAR, PETITIONERS-RESPONDENTS-APPELLANTS. 






UNDERBERG & KESSLER LLP, ROCHESTER (DAVID M. TANG OF COUNSEL), FOR RESPONDENT-APPELLANT-RESPONDENT.
ADAMS LECLAIR LLP, ROCHESTER (PAUL L. LECLAIR OF COUNSEL), FOR PETITIONERS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from a decree (denominated order) of the Surrogate's Court, Monroe County (John M. Owens, S.), entered October 25, 2019. The decree granted in part the motion of respondent for partial summary judgment, granted the cross motion of petitioners for partial summary judgment and declared that four bank accounts are assets of the estate. 
It is hereby ORDERED that the decree so appealed from is unanimously modified on the law by denying the cross motion, vacating the declaration, denying those parts of the motion seeking partial summary judgment dismissing the first and second causes of action and reinstating those causes of action, and granting that part of the motion seeking a declaration with respect to the Chase Bank account ending in x1702, and judgment is granted in favor of respondent as follows:
It is ORDERED, ADJUDGED AND DECREED that respondent is entitled to 100% of the proceeds of the Chase Bank account ending in x1702,
and as modified the decree is affirmed without costs.
Memorandum: Petitioners and respondent are decedent's children, and respondent and petitioner Donna Sanzone are the co-executors of decedent's estate. Petitioners commenced the instant proceeding seeking, among other things, a compulsory accounting of decedent's estate and a declaration that certain property belonged to the estate, and they asserted, inter alia, causes of action for unjust enrichment and breach of fiduciary duty. Respondent moved for partial summary judgment seeking, inter alia, a declaration that she is entitled to all of the proceeds of four bank accounts that she held jointly with decedent — two KeyBank accounts, one ESL Federal Credit Union account and one Chase Bank account — and the dismissal of petitioners' causes of action for unjust enrichment and breach of fiduciary duty. Petitioners cross-moved for partial summary judgment seeking a declaration that the funds in the ESL Federal Credit Union account and the two KeyBank accounts are assets of the estate. The Surrogate granted respondent's motion in part and, inter alia, dismissed the unjust enrichment and breach of fiduciary duty causes of action and denied respondent's motion with respect to the four bank accounts. The Surrogate also granted petitioners' cross motion and declared that all four bank accounts are assets of the estate. With respect to the four bank accounts, the Surrogate reasoned that respondent failed to show that she was a joint tenant with a right of survivorship pursuant to Banking Law § 675 and petitioners established those accounts were mere convenience accounts held by respondent and decedent as tenants in common. Respondent appeals and petitioners cross-appeal.
We agree with respondent on her appeal that the Surrogate erred in granting petitioners' cross motion and declaring that all four of the bank accounts are assets of the estate, and in denying that part of her motion seeking a declaration that she is entitled to the proceeds of the Chase Bank account. Under Banking Law § 675, "[w]hen two or more persons open a bank account, making a deposit of cash, securities, or other property, a presumption of joint tenancy with right of survivorship arises" (Matter of New York Community Bank v Bank of Am., N.A., 169 AD3d 35, 38 [1st Dept 2019], lv denied 33 NY3d 908 [2019]). In order for that statutory presumption to apply, "words of survivorship must appear on the signature card or ledger that creates the bank account" (Matter of Camarda, 63 AD2d 837, 838 [4th Dept 1978], citing Matter of Fenelon, 262 NY 308 [1933] and Matter of Coddington, 56 AD2d 697 [3d Dept 1977]; see Matter of Grancaric, 91 AD3d 1104, 1105 [3d Dept 2012]; Matter of Costantino, 31 AD3d 1097, 1099 [4th Dept 2006]). Absent the necessary survivorship language, the statutory presumption contained in Banking Law § 675 does not apply, even if the documents creating the account provide that it is a "joint" account (see Matter of Randall, 176 AD2d 1219, 1219 [4th Dept 1991]; Matter of Coon, 148 AD2d 906, 907 [3d Dept 1989]). Here, on her motion, respondent failed to establish that the statutory presumption created under Banking Law § 675 is applicable because she failed to submit signature cards or ledgers of the accounts that included the required survivorship language.
Because respondent "could not invoke the statutory presumption, [she] had the burden of establishing that the [bank] accounts were joint tenancies or a gift entitling [her] to rights as the survivor" (Matter of Seidel, 134 AD2d 879, 880 [4th Dept 1987]). Respondent averred in an affidavit that decedent placed her name on the accounts with the stated intention of gifting them to her. Respondent also submitted related account documents, including bank documents for all four accounts that reference both respondent and decedent's names and include survivorship or joint tenancy language. Thus, respondent submitted evidence establishing that the four accounts were joint accounts with right of survivorship, and the burden then shifted to petitioners.
In opposition to respondent's motion, petitioners submitted evidence with respect to the ESL Federal Credit Union account and the two KeyBank accounts; they did not oppose respondent's motion with respect to the Chase Bank account, and did not seek a declaration with respect to that account on their cross motion. Thus, we agree with respondent that the Surrogate erred in denying her motion with respect to the Chase Bank account and declaring that the account was an asset of the estate, and we therefore modify the decree accordingly.
In opposition to respondent's motion with respect to the ESL Federal Credit Union account and the two KeyBank accounts, petitioners submitted decedent's will, which left the estate to the three children. Thus, the intent of decedent, as evidenced by her will, is inconsistent with respondent's contention that the three bank accounts were gifts to respondent or joint tenancies with survivorship rights (see Seidel, 134 AD2d at 880). Moreover, petitioners submitted respondent's deposition testimony that those three accounts were funded solely by decedent, that one of the KeyBank accounts was used as decedent's primary checking account, and that payments out of that account were for only decedent's benefit. Further, respondent, who became joint owner of those three accounts when decedent was in her mid to late eighties, testified that she helped decedent with her banking. Therefore, we conclude that petitioners raised questions of fact whether the ESL Federal Credit Union account and the two KeyBank accounts were convenience accounts, and thus, contrary to respondent's contention, the Surrogate properly denied respondent's motion with respect to those three accounts.
We agree with respondent, however, that, inasmuch as there are questions of fact with respect to the ESL Federal Credit Union account and the two KeyBank accounts, the Surrogate erred in granting petitioners' cross motion and declaring that those three bank accounts are assets of the estate. We therefore further modify the decree accordingly.
In light of our determination that there are triable questions of fact raised with respect to the ESL Federal Credit Union account and the two KeyBank accounts, we agree with petitioners on their cross appeal that respondent did not establish that there was no unjust enrichment on her part and that she did not breach any fiduciary duty (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore further modify the decree by denying those parts of respondents' motion seeking to dismiss the causes of action for breach of fiduciary duty and unjust enrichment and reinstating those causes of action.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court