Foster, J.
This proceeding was brought under section 206-a of the Surrogate’s Court Act to compel the respondent executrix to deliver to petitioner, who is the appellant here, a certificate for 366 shares of stock of the American Telephone & Telegraph Company, claimed to have been the subject of a gift inter vivos. The Surrogate’s Court of Bronx County dismissed the petition and the Appellate Division, First Department, unanimously affirmed without opinion the order of the Surrogate’s Court. The appeal is here by permission.
Decedent died testate on May 26, 1959, in the City of New York, leaving a son, who is the petitioner here, resident in the State of Israel, and a daughter, a resident of New York. She also left seven grandchildren, three of them being children of petitioner, and the remaining four, children of her daughter. Under her will decedent bequeathed her residuary estate in trust for her grandchildren.
Prior to April 24, 1959 decedent was the sole owner of 122 shares of the common stock of the telephone company. On April 10, 1959 the shares of the company were split 3 for 1, effective as of April 24,1959, and after that date each old certificate represented one third of its former value and one third of its former equity interest in the corporation. Certificates representing the remaining two-thirds interest were to be prepared and forwarded by the company on May 29, 1959, which was three days after decedent died.
Prior to April 27, 1959, decedent received a communication from the company advising her of the stock split, and on that date she executed an assignment to petitioner and herself as joint tenants on the back of one of the four certificates representing 50 of her 122 shares. She directed a niece, her executrix herein, to have the company put petitioner’s name on all of *98 her stock, presumably as a joint tenant with the right of survivorship, although there is some question as to whether she intended an absolute gift. However, she also directed that the transfer of the stock was to be held up until the new certificate was available. When that date arrived she was dead and the transfer of the stock to a joint tenancy on the company’s books was not made until after her death.
The question presented is whether decedent made a valid inter vivos gift to petitioner, as to any or all of the stock, so that he is entitled to the right of ownership as a surviving joint tenant. After a trial the Surrogate dismissed the petition on the ground that the certificate of stock was not issued until after the death of the testatrix, and, therefore, petitioner’s claim of ownership as to any or all of the stock as a surviving life tenant was without merit.
The requisites for a valid gift inter vivos are simple: there must be an intent on the part of a donor to give; there must be a delivery of the property given pursuant to such intent; and there must be acceptance on the part of the donee (Matter of Van Alstyne, 207 N. Y. 298, 306). The delivery required must be such as to vest the donee with control and dominion over the property but this requirement must be tailored to suit the circumstances of the ease. This court has said: ‘ ‘ The delivery necessary to consummate a gift must be as perfect as the nature of the property and the circumstances and surroundings of the parties will reasonably permit; there must be a change of dominion and ownership; intention or mere words cannot supply the place of an actual surrender of control and authority over the thing intended to be given.” (Vincent v. Rix, 248 N. Y. 76, 83.) We would say that, where a transfer of a part interest in stock certificates is concerned, a symbolical delivery would be sufficient for it is the only kind of delivery that would be practicable under the circumstances where undoubtedly the donor would want to retain possession of the certificate. Nevertheless, even this sort of delivery must proceed to a point of no return, and this point can only be reached when there is a transfer of record on the stock books of the company. Obviously the donor does not surrender dominion and control of a part interest until the transfer of record is made because up until that time he may change his mind and withdraw his directive to the transfer agent.
*99 In the case at bar the transfer of record was not made in decedent’s lifetime and hence a valid gift inter vivos was not completed as to any interest in the stock in question, even as to the certificate for 50 shares which the decedent first indorsed. This indorsement was evidence of her intent but it was not sufficient to complete a symbolic delivery. The transfer agent was her agent for the purpose of delivery and subject to her direction until the transfer was completed on the hooks of the company. She had the power to revoke the agency up until the time the transfer, or symbolical delivery, was actuallly made (Vincent v. Rix, supra, p. 83). Her death automatically revoked the agency.
The order should he affirmed, without costs.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Burke concur.
Order affirmed.