■ DAVID CHIARO, Plaintiff, v THECIA CHIARO, Defendant and Third-Party Plaintiff-Respondent. RALPH CHIARO et al., Third-Party Defendants-Appellants. [623 NYS2d 312] —In a matrimonial action, the third-party defendants appeal from (1) an order of the Supreme Court, Nassau County (Molloy, J.), dated July 8, 1992, which denied their motion for summary judgment dismissing the third-party complaint, and (2) a judgment of the same court (Kohn, J.), entered May 12, 1993, which, after a nonjury trial, is in favor of the third-party plaintiff and against them, *inter alia,* declaring that the third-party defendant Ralph Chiaro had made an inter vivos gift to the third-party plaintiff, and directing the third-party defendants to "execute any and all documents necessary to implement" the judgment.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39

NY2d 241). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This action arose out of a claim by the third-party plaintiff, the defendant in the main action (hereinafter Thecia Chiaro), that she and her husband, the plaintiff in the main action (hereinafter David Chiaro), were given a gift of a cooperative apartment unit (hereinafter the unit) by the third-party defendants, David Chiaro's parents. The main action was for divorce and ancillary relief. The third-party action was commenced to determine whether the unit was marital property subject to equitable distribution.

On appeal from a judgment, entered after a nonjury trial, this Court's scope of review is as broad as that of the Trial Judge *(see, Majauskas v Majauskas,* 61 NY2d 481; *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Stempel v Rosen,* 140 AD2d 326). In reviewing a bench trial, this Court may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the Trial Judge had the advantage of seeing the witnesses *(see, Northern Westchester Professional Park Assocs. v Town of Bedford, supra).* We find no reason to disturb the findings of the Supreme Court *(see, Majauskas v Majauskas, supra).*

The third-party defendants contend that the elements necessary to establish an inter vivos gift were not present, and thus, the Supreme Court erred in directing them to execute documents establishing that David and Thecia Chiaro are the owners of the unit. The elements necessary for a valid inter vivos gift are (1) intent of the donor to make an irrevocable present transfer of ownership; (2) physical or constructive delivery, sufficient to divest the donor of dominion and control over the property; and (3) acceptance of the gift by the donee *(see, Gruen v Gruen,* 68 NY2d 48). At issue is whether the third-party defendants' intent to make a gift of the unit, in which David and Thecia Chiaro lived for nearly their entire marriage, and delivery of the unit, were adequately established.

There is no merit to the contention of the third-party defendants that the Supreme Court erred in finding the existence of a gift because the unit was not in existence at the time they allegedly transferred their interest in it. As long as the evidence establishes an intent to make a present and irrevocable transfer of title or the right of ownership, there is

a present transfer of some interest, and the gift is effective immediately, even if the subject of the gift is not yet in existence *(see, Gruen v Gruen, supra; Speelman v Pascal,* 10 NY2d 313). The evidence, including testimony regarding statements by the third-party defendant Ralph Chiaro that the unit was a gift, was sufficient to support a finding that the third-party defendants intended to make a present transfer of their interest in the unit.

The Supreme Court found that actual delivery of the unit had occurred. While we disagree with this conclusion, constructive delivery, sufficient to divest the third-party defendants of dominion and control over the unit, was made. Although no stock certificates were delivered to David and Thecia Chiaro, they voted the unit's stock shares at co-op board meetings, with the knowledge of the third-party defendants. Furthermore, at certain co-op board meetings the third-party defendant Ralph Chiaro voted these shares by proxies signed by David and Thecia Chiaro. In addition, David and Thecia Chiaro made expensive renovations to the unit, with the third-party defendants' knowledge. These facts sufficiently demonstrate that the third-party defendants divested themselves of dominion and control over their interest in the unit.

As the element of acceptance is not challenged and is, in any event, presumed when the gift is of value to the donee *(see, Gruen v Gruen, supra),* the elements of an inter vivos gift were sufficiently established at trial.

The third-party defendants' remaining contentions are meritless. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.