■ ZEF GECAJ et al., Respondents, v BANKERS FEDERAL SAVINGS BANK, FSB, Appellant. [705 NYS2d 236] —In an action, *inter alia,* for the refund of a mortgage application fee, the defendant appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated December 4, 1998, which, after a nonjury trial, is in favor of the plaintiffs and against it in the principal sum of $28,000.

Ordered that the judgment is affirmed, with costs.

The parties agreed, in a letter of intent, that the plaintiffs' mortgage application fee would be refundable only if the defendant failed to issue a commitment letter, or if the commitment letter contained terms different from those in the letter of intent. Contrary to the defendant's contention, the Supreme Court properly found that the commitment letter contained terms different from those in the letter of intent (*see, Chiaro v Chiaro,* 213 AD2d 369; *Nicastro v Park,* 113 AD2d 129). Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.

■ BRUCE E. GENTILE et al., Appellants, v TODD M. LESK et al., Respondents. [705 NYS2d 240] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Berler, J.), entered April 15, 1999, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiffs' contentions that the jury verdict was not supported by sufficient evidence as a matter of law, or that the verdict was against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.