■ ALAN S. CHIEN, Individually and as Corporate Officer of Da Hwa (Hong Kong) Manufacturing Ltd., et al., Appellants, v GABY C. CHIEN et al., Respondents, et al., Defendant. [714 NYS2d 292] —Judgment, Supreme Court, New York County (Ira Gammerman, J., and a jury), entered July 20, 1999, in a stockholders' derivative action for misappropriation of corporate assets, dismissing the action, unanimously affirmed, with costs.

Clear and convincing evidence supports, first, the jury's finding that plaintiff orally transferred his 50% interest in the subject corporation to defendant, the other 50% owner and plaintiff's estranged wife, and, second, the trial court's finding that such transfer constituted a valid inter vivos gift that left the husband without standing to make a derivative claim on behalf of the corporation. The subject corporation is a family business that was formed in Hong Kong, never issued stock certificates or observed other corporate formalities, and whose only asset appears to be a securities account. Delivery with donative intent was clearly demonstrated by the husband's transfer of the corporate seal to the wife at a time when he was seeking her forgiveness and expressing contrition for a marital infidelity (*see, Gruen v Gruen,* 68 NY2d 48, 56-57); the simultaneous opening of new bank accounts for the subject corporation and another family business on which the wife was designated as the sole signatory; and the husband's simultaneous transfer to the wife of his interest in another securities account that they had with the same broker. The wife's presumptive acceptance of the gift (*see, id.,* at 57) was buttressed by evidence that she consistently acted as the sole owner of the company since the time of the gift some eight years before commencement of the action, in that she was the only person from

that point on ever to authorize trades in its securities account or to be a signatory on its bank accounts, and consistently rejected the husband's subsequent claims of ownership. The husband's countervailing evidence does not make it "obvious that the court's conclusions could not [have been] reached under any fair interpretation of the evidence" (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [internal quotations omitted]). We also reject the husband's contention that the alleged gift could not be made without a writing. No securities, within any accepted meaning of that term, were delivered here; rather, there was a transfer of an interest in a family business by a delivery of its most obvious physical manifestation, its seal. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Friedman, JJ.