T.C. Memo. 2006-225

UNITED STATES TAX COURT

ESTATE OF MARGOT STEWART, DECEASED, BRANDON STEWART, EXECUTOR,
Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

ESTATE OF MARGOT STEWART, DECEASED, DONOR, BRANDON STEWART,
EXECUTOR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5520-05, 5521-05.     Filed October 24, 2006.

<u>Kirk H. O'Ferrall</u>, <u>Kathleen M. Citera</u>, and Robert Callagy
(specially recognized), for petitioners.

<u>Shawna A. Early</u> and <u>Lydia A. Branche</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether decedent
made a completed gift of a 49-percent interest in real property,

whether the value of that property should be included in decedent's estate pursuant to section 2036,[1] and whether decedent's estate is entitled to deductions relating to property taxes and claims against the estate.

FINDINGS OF FACT

On July 10, 1989, Margot Stewart (decedent) executed a deed that transferred to Brandon Stewart, her son, real property located in East Hampton, New York (the East Hampton property). As a result of the transfer, decedent and Mr. Stewart owned the East Hampton property as joint tenants with rights of survivorship. Decedent and Mr. Stewart agreed to share the income and expenses relating to the East Hampton property. Decedent also owned real property located at 160 East 61st Street, New York, New York (the 61st Street property). Decedent and Mr. Stewart resided on the first two floors of the 61st Street property. Beginning on October 1, 1999, decedent leased the remaining three floors of the 61st Street property to Financial Solutions, Ltd., an unrelated third party, for $9,000 per month.

On May 9, 2000, decedent executed a deed that transferred to Mr. Stewart a 49-percent interest in the 61st Street property.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As a result of the transfer, decedent and Mr. Stewart owned the property as tenants in common.  On May 10, 2000, Robert Goldie, Mr. Stewart's attorney, delivered the deed to Choice Abstract Corp. (Choice Abstract) for the purpose of recording the deed. The deed, however, was misplaced by Choice Abstract and was not recorded until April 4, 2001.

Decedent, who was a resident of New York, died on November 27, 2000.  After the May 9, 2000, transfer and until the time of her death, decedent continued to receive all of the rental payments from Financial Solutions, Ltd.  Prior to her death, decedent also paid most of the expenses relating to the 61st Street property (i.e., decedent paid expenses of $21,790.85 while Mr. Stewart paid $1,963).

Mr. Stewart and Barbara Weisl were appointed executors of decedent's estate.  On August 19, 2001, decedent's executors filed a Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return, relating to the transfer of the 61st Street property.  On August 27, 2001, Mr. Stewart obtained a mortgage on the 61st Street property.  On February 23, 2002, decedent's executors filed a Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, relating to decedent's estate. Ms. Weisl died on November 14, 2004, and the estate did not appoint another executor.

- 4 -

On December 22, 2004, respondent issued separate statutory notices of deficiency relating to the estate and gift tax returns. On March 22, 2005, Mr. Stewart, while residing in New York, New York, timely filed separate petitions on behalf of the estate relating to the estate and gift tax returns.

OPINION

I.  The Transfer to Mr. Stewart Was A Completed Gift

The estate contends that the transfer from decedent to Mr. Stewart of the 49-percent interest in the 61st Street property was a completed gift. Pursuant to New York law, a gift is complete only if donative intent, delivery, and acceptance are established. Gruen v. Gruen, 496 N.E.2d 869, 872 (N.Y. 1986).

The parties agree that decedent intended to transfer the property and Mr. Stewart accepted the property. Respondent, however, contends that there was not a valid delivery of the gift until April 4, 2001 (i.e., the date the deed was recorded). We disagree. Pursuant to New York law, the recording of a deed is irrelevant in determining whether there is a completed gift. N.Y. Real Prop. Law sec. 244 (McKinney 2006); see Whalen v. Harvey, 653 N.Y.S.2d 159 (App. Div. 1997). The estate has established that decedent intended to, and did indeed, relinquish dominion and control of a 49-percent interest in the 61st Street property on May 9, 2000. See Gruen v. Gruen, supra at 872.

Thus, the transfer of the interest in the 61st Street property was a completed gift.[2]

## II.   The Property Is Includable Pursuant to Section 2036

The estate acknowledges that decedent's 51-percent interest in the 61st Street property is includable in her estate but contends that the remaining 49 percent of the property is owned by Mr. Stewart (i.e., as a tenant in common).  Respondent contends that, pursuant to section 2036, 100 percent of the 61st Street property's value is includable in the estate because decedent continued to live there and received all of the rental income after the May 9, 2000, transfer.

Section 2036(a)(1) provides that a decedent's gross estate includes the value of all property interests transferred (other than for full and adequate consideration in money or money's worth) by a decedent during her life where she has retained for life the possession or enjoyment of the property, or the right to the income from the property.  The term "enjoyment" refers to the economic benefits from the property.  Estate of Gilman v. Commissioner, 65 T.C. 296, 307 (1975), affd. 547 F.2d 32 (2d Cir.

---

[2]  In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of showing that the determinations are erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Our conclusions, however, are based on a preponderance of the evidence, and thus, the allocation of the burden of proof is immaterial.  See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

1976).  Thus, "Enjoyment as used in the death tax statute is not a term of art, but is synonymous with substantial present economic benefit."  Estate of McNichol v. Commissioner, 265 F.2d 667, 671 (3d Cir. 1959), affg. 29 T.C. 1179 (1958).  Retained enjoyment may exist where there is an express or implied understanding at the time of the transfer that the transferor will retain the economic benefits of the property.  Guynn v. United States, 437 F.2d 1148, 1150 (4th Cir. 1971); Estate of Rapelje v. Commissioner, 73 T.C. 82, 86 (1979).

Decedent's retention of the property's income stream after the property was transferred is "very clear evidence that the decedent did indeed retain 'possession or enjoyment.'"  Estate of Hendry v. Commissioner, 62 T.C. 861, 873 (1974).  Decedent continued to receive the $9,000 monthly rent payments from Financial Solutions, Ltd., and enjoy the economic benefits of the 61st Street property.  Mr. Stewart contends that he and decedent agreed they would share the income and expenses, in a manner reflective of their ownership interests, relating to the 61st Street property (i.e., Mr. Stewart would receive 49 percent of the income and pay 49 percent of the expenses) and the East Hampton property (i.e., Mr. Stewart would receive 50 percent of the income and pay 50 percent of the expenses).  At the end of 2000, according to Mr. Stewart, he and decedent intended to perform a financial reconciliation to ensure that the proper

amount of income and expenses was allocated to decedent's and Mr. Stewart's interest in both properties. The parties did not sign a written agreement to reconcile the income and expenses, and Mr. Stewart's testimony relating to an oral agreement was not credible. Indeed, Mr. Stewart's accountant testified that he did not recall being informed about an agreement to reconcile the income and expenses. We do, however, conclude that Mr. Stewart and decedent had an implied agreement that decedent would retain the economic benefits of the 61st Street property. Decedent certainly met the terms of that agreement. Thus, the full value of the 61st Street property must be included in decedent's estate. Sec. 2036(a); Estate of Hendry v. Commissioner, supra at 873.

III. Property Tax Deduction Is Disallowed

After decedent's death, Mr. Stewart paid $10,153 in property taxes relating to decedent's 51-percent interest in the 61st Street property. The estate contends that the estate is entitled to a deduction relating to property taxes paid by Mr. Stewart. At the time of her death, decedent did not have an outstanding property tax obligation relating to her 51-percent interest in the 61st Street property. Pursuant to section 2053(c)(1)(B), property taxes are not deductible by an estate unless the taxes are an enforceable obligation of the decedent at the time of her death. See also sec. 20.2053-6(b), Estate Tax Regs.

Accordingly, no deduction is allowed.  Sec. 2053(c)(1)(B); sec. 20.2053-6(b), Estate Tax Regs.

IV.  <u>Deduction of Debt Owed to Mr. Stewart Is Not Allowed</u>

The estate contends that it is entitled, pursuant to section 2053(a)(3), to deduct a debt owed to Mr. Stewart relating to the purported reconciliation agreement, between Mr. Stewart and decedent, to share the income and expenses relating to both properties.  An estate may deduct the value of a claim based on a decedent's promise to pay only if the liability was "contracted bona fide and for adequate and full consideration in money or money's worth".  Sec. 2053(c)(1)(A); See <u>Estate of Scholl v. Commissioner</u>, 88 T.C. 1265, 1279 (1987).  There was no reconciliation agreement.  Accordingly, no deduction is allowed.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered under Rule 155</u>.