■ HENRY L. ABRONS et al., Respondents, v 149 FIFTH AVENUE CORP., Defendant, and HYONJA LEE ABRONS, as Curator of the Estate of HERBERT L. ABRONS, Deceased, Appellant. [845 NYS2d 299]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 27, 2006, which denied defendant-appellant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, a declaration issued that Herbert Abrons did not make a completed gift of stock in defendant corporation, and the complaint otherwise dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs seek a declaration that their deceased father Herbert made a completed gift of his stock in defendant, a closely held family corporation, by signing a letter directing his stepson, who was the vice-president of the corporation, to effect the transfer. In support of its motion for summary judgment, defendant-appellant Estate, whose representative is Herbert's wife and stepson's mother, presented evidence that the shares were never transferred on the corporation's books and records, and that, consistent with Herbert's long-held intention to treat

his children and stepchildren the same, Herbert signed a letter four days later rescinding the gift. The motion court denied the Estate's motion for summary judgment, finding that although delivery of the gift letter did not effect a completed gift, issues of fact exist as to whether Herbert's stepson or wife had prevented completion of the gift by forging his signature on the rescission letter.

We agree with the motion court that the circumstances, particularly the Board's history of refusing to implement Herbert's letter requests to transfer corporate stock to his wife and stepson, show that delivery of the stock was not accomplished by delivery of Herbert's gift letter to plaintiffs and the corporation. Accordingly, Herbert could, and, contrary to the motion court, we find that he did, rescind his direction to transfer the stock to plaintiffs after the letter was sent and until the "point of no return," i.e., a transfer of the stock on the corporation's books and records (*Matter of Szabo*, 10 NY2d 94, 98 [1961]; *compare Lichtenstein v Eljohnan, Inc.*, 161 AD2d 397 [1990], *with Pell St. Nineteen Corp. v Yue Er Liu Mah*, 243 AD2d 121 [1998]). No issue of fact is raised as to the genuineness of Herbert's signature on the rescission letter. While it is undisputed that Herbert's stepson was involved in the drafting of the rescission letter, plaintiffs' self-serving statements that the signature does not appear to be genuine are insufficient to raise a forgery issue (*see Peyton v State of Newburgh, Inc.*, 14 AD3d 51, 53-54 [2004], *lv denied* 5 NY3d 704 [2005]), and the affidavit of their handwriting expert, who was retained in connection with a will contest and other proceedings in Florida, does not address either the gift letter or the rescission letter, and her opinion that Herbert's signature may have been forged on other documents not at issue herein is irrelevant. Furthermore, the rescission letter was not a secret, and was openly discussed and recognized as genuine by other family members, including Herbert's brother, Richard, the corporation's president and chairman of the board, whose affidavit in opposition to the Estate's motion does not address the forgery issue.

The Estate made a prima facie showing that Herbert did not make a completed gift of his shares to his children, and plaintiffs failed to submit evidence sufficient to raise a triable issue of fact in that regard. Concur—Friedman, J.P., Sullivan, Buckley and Malone, JJ.