■ WARREN W. BADER, as Public Administrator C.T.A. of the Estate of BERYL R. DIGNEY, Deceased, Respondent, v KEVIN A. DIGNEY, Appellant, et al., Defendant. (Appeal No. 1.) [864 NYS2d 364]—Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered April 20, 2007. The order, insofar as appealed from, denied that part of the motion of defendant Kevin A. Digney to transfer the action to Surrogate's Court.

■ WARREN W. BADER, as Public Administrator C.T.A. of the Estate of BERYL R. DIGNEY, Deceased, Respondent, v KEVIN A. DIGNEY, Appellant, et al., Defendant. (Appeal No. 2.) [864 NYS2d 606]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 11, 2007. The order, insofar as appealed from, denied those parts of the motion of defendant Kevin A. Digney for summary judgment dismissing the complaint and for the imposition of costs, attorney's fees and/or sanctions.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for summary judgment dismissing the complaint and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action as the public administrator of the estate of Beryl R. Digney (decedent) to set aside a deed to real property given by decedent in 1995 to her son, Kevin A. Digney (defendant). Decedent, along with defendant, continued to live in the home on the property until decedent's death in 2006. Defendant initially moved, inter alia, to transfer the action to Surrogate's Court and to dismiss the complaint pursuant to CPLR 3211. By the order in appeal No. 1, Supreme Court, inter alia, denied that part of the motion seeking to transfer the action and, in its discretion, converted that part of the motion to dismiss to one for summary judgment, and adjourned the motion for the submission of further papers by the parties. In appeal No. 1, defendant contends that the court erred in denying that part of his motion to transfer the action to Surrogate's Court and, in appeal No. 2, he contends that the court erred in subsequently denying those parts of his motion for summary judgment dismissing the complaint and for the imposition of costs, attorney's fees, and/or sanctions. We agree with defendant in appeal No. 2 that the evidence establishes that decedent made an inter vivos gift of the property to him, and we therefore modify the order in appeal No. 2 accordingly.

Addressing first appeal No. 2, we note that an inter vivos gift is valid only if the donee establishes the following three elements by clear and convincing evidence: (1) intent on the part of the donor to make a present transfer of the property; (2) actual or constructive delivery of the gift to the donee; and (3) acceptance of the gift by the donee (*see Gruen v Gruen,* 68 NY2d 48, 53 [1986]; *Matter of Szabo,* 10 NY2d 94, 98 [1961]; *Matter of Monks,* 247 AD2d 922, 922-923 [1998]). The intent element requires an irrevocable present transfer of ownership, or title, although the donor may retain possession of the property for the remainder of his or her life (*see Gruen,* 68 NY2d at 54-56). The delivery element requires a delivery sufficient to divest the donor of dominion and control over the property (*see id.* at 56), while the acceptance element is presumed when the gift is of value to the donee (*see id.* at 57). Here, in support of his motion, defendant established that decedent intended to make a present transfer of her property to him but that she did not want the deed recorded "until things settle down," because she

was concerned that her daughters would "cause trouble" if they found out that she had given the property to defendant. Defendant further established that he, decedent, and decedent's attorney were present when decedent executed the deed and related documents, that the deed was handed to defendant at decedent's direction, and that defendant accepted it. We reject the contention of plaintiff that he submitted evidence sufficient to raise an issue of fact with respect to the presumption that the deed was delivered and accepted as of its date (*see Whalen v Harvey*, 235 AD2d 792, 793 [1997], *lv denied* 89 NY2d 816 [1997]; *see generally Manhattan Life Ins. Co. v Continental Ins. Cos.*, 33 NY2d 370, 372 [1974]). The delivery of the deed to defendant was "not changed by [decedent's] subsequent access to the deed or even [her] repossession of it" (*Herrmann v Jorgenson*, 263 NY 348, 354 [1934], *rearg denied* 264 NY 529 [1934]). Moreover, the fact that decedent continued to pay taxes on the property until her death is not inconsistent with her continued possession of the property and intention to make a present transfer of the title and ownership to defendant (*see generally Gruen*, 68 NY2d at 53-56). Indeed, the evidence establishes that decedent continued to pay the taxes on the property because she was residing in the house on the property.

We reject the contention of defendant, however, that the court erred in denying that part of his motion seeking costs, attorney's fees, and/or sanctions (*see generally* 22 NYCRR 130-1.1). In light of our determination, we need not address defendant's remaining contention concerning appeal No. 2. Because we are granting that part of defendant's motion for summary judgment dismissing the complaint, appeal No. 1 has been rendered moot. Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.