*413 Order, Surrogate’s Court, New York County (Kristin Booth Glen, S.), entered on or about March 5, 2009, which, inter alia, determined that respondent Valerie Greenly, decedent Richard Baum’s surviving spouse, did not receive a gift interest in decedent’s cooperative apartment, unanimously affirmed, without costs.
Petitioner commenced a proceeding to be appointed administrator of his father’s estate due to the fact that respondent, his father’s widow, failed to take any action to sell the principal asset of the estate, the cooperative apartment where she resides, despite the passage of 10 years since the death of decedent. In an effort to resolve the dispute, respondent, petitioner and his sister, decedent’s sole distributees, agreed to put the apartment on the market and split the net proceeds.
Shortly thereafter, respondent notified petitioner that while going through some “old papers” in preparation for marketing the apartment, she had found a document signed by decedent making her a co-owner of the apartment. The date February 11, 1993 appears at the top of the document and it bears the apparent signature and stamp of a notary with the date stamp March 2, 1993 beside the notary’s signature at the bottom. The document states that “it is my intention, via this statement, to notify all interested parties that my wife ... is the ‘co’ and equal owner” of the shares in the cooperative apartment. It is undisputed that no attempt was ever made to obtain the original stock certificates from the bank holding the mortgage on the apartment in order to change the title to reflect the purported gift.
A valid inter vivos gift requires that the donor intend to make an irrevocable present transfer of ownership. There must be either physical, constructive or symbolic delivery to the donee sufficient to divest the donor of dominion and control over the property, and acceptance by the donee (see Gruen v Gruen, 68 NY2d 48, 53, 56-57 [1986]). The burden of proving that a gift was made must be established by the party asserting it with clear and convincing evidence (see Matter of Carroll, 100 AD2d 337, 338 [1984]).
Respondent failed to sustain her burden of establishing a gift *414 to her of one half of decedent’s interest in the apartment. Serious questions exist regarding the authenticity of the transfer document since the document has no statement from the notary that he either knew the decedent, received proof of identity or that the document was signed in his presence. Additionally, respondent provided no explanation of the circumstances surrounding the gift and why she waited so long to assert her claim.
There is also insufficient evidence of delivery of the gift. Respondent did not assert that the document purporting to transfer an interest in the apartment was given to her by decedent and there is no evidence that decedent ever communicated to anyone, including the bank which held the mortgage on the apartment, that he had given respondent an interest in it. Thus, there is no evidence that decedent ever relinquished dominion and control over the shares; he was free to change his mind at any time (see Matter of Szabo, 10 NY2d 94, 99 [1961]). The fact that tax forms and correspondence from the management company for the cooperative were addressed to both parties is not dispositive since no proof was offered that decedent requested that respondent’s name be added to these documents. Decedent had sufficient time before his death to effectuate the transfer by notifying the bank holding the shares of the conveyance. Concur—Tom, J.P., Andrias, Nardelli, DeGrasse and Freedman, JJ.