12-904-cv
Cia Naviera Financiera Aries, S.A. v. 50 Sutton Place S. Owners, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand thirteen.

PRESENT:  REENA RAGGI,
                 PETER W. HALL,
                 CHRISTOPHER F. DRONEY,
                         *Circuit Judges*.

------------------------------------------------------------------------

CIA NAVIERA FINANCIERA ARIES, S.A., a.k.a. COMPANIA NAVIERA FINANCIERA ARIES, S.A.,
                         *Plaintiff-Appellant*,

                 v.                                              No.  12-904-cv

50 SUTTON PLACE SOUTH OWNERS, INC.
                         *Defendant-Appellee*,

ESTATE OF THEODORE XENAKIS, HERMAN MAX LEIBOWITZ, ESQ., 56 West 45th Street, Suite 603, New York, NY 10036, (212) 764-1018, Attorney for Estate of Theodore Xenakis, MICHAEL ANASTASSIOU, as Temporary Administrators of the Estate of Theodore Xenakis, NICHOLAS PATOURIS, as Temporary Administrators of the Estate of THEODORE XENAXIS,
                         *Intervenors-Defendants.**

------------------------------------------------------------------------

_____

* The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANT:     RAYMOND A. CONNELL, ESQ., New York, New York.

APPEARING FOR APPELLEE:      OSMAN DENNIS, Axelrod, Fingerhut & Dennis, New York, New York.

APPEARING FOR INTERVENORS:   HERMAN MAX LEIBOWITZ, ESQ., New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 27, 2012, is AFFIRMED.

Plaintiff Cia Naviera Financiera Aries, S.A. ("Aries"), appeals from an award of summary judgment in favor of defendant 50 Sutton Place South Owners, Inc. ("Sutton Place"), on Aries's claim that it is the rightful owner of 895 shares in the Sutton Place Cooperative and the proper assignee of the lease to Apartment 6J. On de novo review, we will affirm summary judgment only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Sudler v. City of N.Y., 689 F.3d 159, 168 (2d Cir. 2012). In conducting that review here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Inter Vivos Gift

Aries argues that the 1980 Assignments signed by Theodore Xenakis and placed in Aries's files constitute delivery for purposes of making an effective inter vivos gift.[1] Under New York law, which controls here, a valid inter vivos gift requires "intent on the part of a donor to give," "a delivery of the property given pursuant to such intent," and "acceptance on the part of the donee." In re Szabo's Estate, 10 N.Y.2d 94, 98, 217 N.Y.S.2d 593, 595 (1961). Delivery can be either physical or constructive, but must be "sufficient to divest the donor of dominion and control over the property." Gruen v. Gruen, 68 N.Y.2d 48, 56, 505 N.Y.S.2d 849, 854 (1986) (citing, inter alia, In re Szabo's Estate, 10 N.Y.2d at 98–99, 217 N.Y.S.2d at 595).

Here, even if Xenakis executed assignments and deposited them into Aries's files, there is no record evidence that he relinquished possession of the cooperative apartment. Rather, during his lifetime, Xenakis "always represented that he was the owner of the Cooperative Apartment." J.A. 53. On June 8, 2004, he wrote Sutton Place to "make the necessary arrangements to transfer title to my apartment to my trust." J.A. 275 (emphasis added). Similarly, on March 7, 2006, Xenakis's lawyer sent a letter to Sutton Place that identified Xenakis as the owner of Apartment 6J. An information form attached to the letter at Xenakis's instruction listed him as the shareholder for Apartment 6J. Georgios

_____

[1] Although Aries's stated issues on appeal concern "irrevocable assignments," Appellants Br. 2, nothing in the record indicates that Xenakis's purported assignment was irrevocable.

3

Anastasakis, the current owner of Aries and purported donee, acknowledged Xenakis's power to transfer the apartment to other companies if he so desired. The record therefore indicates that Xenakis retained dominion over the apartment, precluding a finding of inter vivos gift. See In re Baum, 66 A.D.3d 412, 414, 890 N.Y.S.2d 457, 458 (1st Dep't 2009).

Aries's arguments to the contrary lack merit. In addition to demonstrating that Xenakis retained control of the apartment, the record shows no recorded transfer in Sutton Place's books. Cf. In re Szabo's Estate, 10 N.Y.2d at 98, 217 N.Y.S.2d at 595 (holding that possession by donor is extinguished when "there is a transfer of record on the stock books of the company"); accord Abrons v. 149 Fifth Ave. Corp., 45 A.D.3d 384, 385, 845 N.Y.S.2d 299, 300 (1st Dep't 2007). Aries concedes this fact, but argues that no recording is required under New York law, citing Chemical National Bank of New York v. Colwell, 132 N.Y. 250 (1892). In Colwell, the Court of Appeals held that the lack of recording did not render the party's transfer of stock a nullity. See id. at 256. There, however, the director relinquished all control of his shares and notified the board that he wanted "a proper transfer [to] be made on the books of the company." Id. at 257. This case is thus distinguishable from Colwell. Xenakis not only did not ask Sutton Place to recognize the transfer, but also refused to inform Sutton Place that he had assigned any interest to Aries. Thus, it cannot be said that Sutton Place failed to record the transfer in the corporate books as in Colwell. Cf. 12 Fletcher Cyc. Corp. § 5480 (noting that transfer that is not recorded is binding if there is "no way in which the transferor can force the appropriate corporate officer to record the transfer").

4

In sum, Aries adduced no evidence that Xenakis relinquished dominion and control over the shares and proprietary lease. Cf. Chiaro v. Chiaro, 213 A.D.2d 369, 371, 623 N.Y.S. 2d 312, 314 (2d Dep't 1995) (finding constructive transfer when, despite no actual delivery of unit, donees "voted the unit's stock shares at co-op board meetings . . . [and] made expensive renovations to the unit, with the third-party defendants' knowledge"). Accordingly, there is no issue of material fact as to whether Xenakis made an effective inter vivos gift of the apartment.

2.      Business Judgment Rule

Even if Xenakis had made an effective inter vivos gift, the district court did not err in holding that the business judgment rule shielded Sutton Place from liability. New York's Court of Appeals requires courts to apply the business judgment rule in evaluating challenges to decisions made by cooperative boards. See Levandusky v. One Fifth Ave. Apartment Corp., 75 N.Y.2d 530, 537, 554 N.Y.S.2d 807, 811 (1990); see also In re Croton River Club, Inc., 52 F.3d 41, 44 (2d Cir. 1995) (recognizing that "the New York Court of Appeals held that the business judgment rule informs the standard of review for the actions of cooperative and condominium governing boards") (citing Levandusky v. One Fifth Ave. Apartment Corp., 75 N.Y.2d at 537, 554 N.Y.S.2d at 811). Thus, "a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith." 40 W. 67th St. v. Pullman, 100 N.Y.2d 147, 153, 760 N.Y.S.2d 745, 750 (2003).

Here, nothing in the record demonstrates that the board's decision not to recognize the purported transfer was made in "bad faith," or was an exercise in "arbitrariness, favoritism, discrimination or malice." Id. at 157. Sutton Place asserts, and Aries does not dispute, that neither Xenakis nor Aries attempted to satisfy any of the transfer provisions of the proprietary lease or the bylaws. Moreover, Aries concedes that Sutton Place "strictly adhere[d] to a board-created policy of recognizing only ownership of individuals" as opposed to corporations. Appellant Br. 14. Thus, Sutton Place's refusal to recognize the transfer cannot be characterized as ultra vires or attributable to bad faith. See Levandusky v. One Fifth Ave. Apartment Corp., 75 N.Y.2d at 540, 554 N.Y.S.2d at 813 (upholding application of business judgment rule to actions of board against tenant who failed to comply with alteration and renovation agreements).

Insofar as Aries relies on In re Katz, 142 Misc. 2d 1073, 1077, 539 N.Y.S.2d 659, 662 (N.Y. Surr. Ct. 1989) (holding consent of cooperative board not required for valid assignment), to argue that the business judgment rule does not apply here, that lower-court decision cannot control in light of subsequent Court of Appeals precedent to the contrary, as the Appellate Division has recognized. See Barbour v. Knecht, 296 A.D.2d 218, 224, 743 N.Y.S.2d 483, 488–89 (1st Dep't 2002) (holding that business judgment rule is appropriate standard to determine if cooperative board unreasonably withheld consent to transfer of shares to third party); Hochman v. 35 Park W. Corp., 293 A.D.2d 650, 651, 741 N.Y.S.2d 261, 263 (2d Dep't 2002) (upholding determination that business judgment rule shielded

6

cooperative board from liability where board applied provision of proprietary lease prohibiting assignment of lease without the written consent of board); cf. Ludwig v. 25 Plaza Tenants Corp., 184 A.D.2d 623, 624–25, 584 N.Y.S.2d 907, 908 (2d Dep't 1992) (holding that business judgment rule is inapplicable where cooperative board's actions clearly violate express terms of proprietary lease).

In sum, because New York's business judgment rule shields Sutton Place from liability, summary judgment was properly awarded in its favor. We have considered Aries's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment in favor of Sutton Place is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court