Rivera v 98-100 Ave. C Hous. Dev. Fund Corp. (2022 NY Slip Op 06074)

Rivera v 98-100 Ave. C Hous. Dev. Fund Corp.

2022 NY Slip Op 06074

Decided on October 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 27, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Shulman, Rodriguez, JJ. 

Index No. 152490/21 Appeal No. 16554-16554A Case No. 2022-00686, 2022-01685 

[*1]Pablo Rivera, Plaintiff-Respondent,
v
98-100 Avenue C Housing Development Fund Corporation, Defendant-Appellant.

Andrea Shapiro, PLLC, New York (Andrea Shapiro of counsel), for appellant.
Canzoneri & Canzoneri, LLP, Malverne (Patricia M. Canzoneri of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered August 30, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the cross motion granted, and it is declared that there was no valid inter vivos gift of the shares and proprietary lease for the apartment to plaintiff. Order, same court and Justice, entered January 14, 2022, which denied plaintiff's motion for summary judgment, unanimously dismissed, without costs, as academic. The Clerk is directed to enter judgment accordingly.
According to plaintiff, his deceased brother, who was the sole proprietary lessee of a cooperative apartment in the defendant 98-100 Avenue C Housing Development Fund Corporation (HDFC), made an inter vivos gift of the apartment to plaintiff.
Defendant established that there was no valid inter vivos gift to plaintiff of the shares and proprietary lease for the apartment, as the statute of frauds applies to the sale of stock in a housing cooperative and there was no writing to effect the transfer (see Rosner v 80 CPW Apartments Corp., 73 AD2d 39, 41 [1st Dept 1980]). Plaintiff's assertion that a writing was not required because he already possessed the share certificate and proprietary lease and the transfer was therefore a "completed gift" is unavailing, because he has not identified any applicable exception to the statute of frauds (General Obligations Law § 5-703[2]; Pollard v Meyer, 61 AD2d 766, 767 [1st Dept 1978]).
Plaintiff's claim further fails as a matter of law, as the decedent — his brother — failed to follow the transfer provisions of the proprietary lease, which required, among other things, a written assignment of shares signed by the shareholder and the approval of defendant's board of directors to make a valid transfer of the shares to the apartment within the decedent's lifetime (see LI Equity Network, LLC v Village in the Woods Owners Corp., 79 AD3d 26, 28 [2d Dept 2010]).
Moreover, even if the decedent had not been required to abide by the terms of the proprietary lease to make a valid inter vivos gift of the apartment, the lack of a writing also militates against establishing the decedent's donative intent, which is a necessary element of a valid inter vivos gift (see Gruen v Gruen, 68 NY2d 48, 53 [1986]). Not only does the decedent's failure to follow the procedures in the proprietary lease contradict any donative intent, but plaintiff also acknowledges that the delivery of the share certificate and proprietary lease were not made by the decedent himself, and the conflicting affidavits of the decedent's girlfriend fail to establish that she was acting as decedent's agent for that purpose. In any event, with respect to symbolic delivery of a share certificate, such a delivery becomes effective only when there is a transfer or record on the stock books of the company, since before that time, the [*2]donor can change his mind and direct his agent not to effect the transfer (In re Szabo's Estate, 10 NY2d 94, 98 [1961]).
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2022