■ In the Matter of JUSTIN R. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JERRY P., Appellant, et al., Respondent. [881 NYS2d 305]—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Duffy, J.), entered January 22, 2008, as, after a hearing, granted that branch of the petitioner's motion which was to authorize the administration of the psychotropic medication risperdal to the subject child, over the father's objection.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court properly determined, following a hearing to which the subject child and his parents were parties and all were represented by counsel, that the petitioner demonstrated, by clear and convincing evidence, that the proposed treatment of the subject child with the psychotropic drug risperdal was

"narrowly tailored to give substantive effect to the [child's] liberty interest, taking into consideration all relevant circumstances, including the [child's] best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (*Rivers v Katz,* 67 NY2d 485, 497-498 [1986]; *see* Mental Hygiene Law § 33.21; *cf. Matter of Sombrotto v Christiana W.,* 50 AD3d 63 [2008]; *Matter of Martin F.,* 13 Misc 3d 659 [2006]).

The father's remaining contentions are without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.