OPINION OF THE COURT
Andrea Masley, J.
This is an action pursuant to CPLR 7101 for replevin of plaintiffs dog, a dachshund and border terrier, male, brown, born August 7, 2008, named “Macho.” This action is properly before the court. (Webb v Papaspiridakos, 23 Misc 3d 1136[A], 2009 NY Slip Op 51152[U] [Sup Ct, Queens County 2009].) After trial on February 4, 2011, at which plaintiff JKG and defendant SG testified, the court finds that plaintiff has proved *640 that he has a superior possessory right to Macho and shall have his dog returned to him forthwith.
The following is undisputed: The parties have known each other since 2005. Mr. JKG purchased Macho in November 2008 for $675. He called his friend Mr. SG for help on March 14, 2009 because Mr. JKG needed emergency medical treatment. The issue is whether Mr. JKG gifted the dog to Mr. SG or asked Mr. SG to take care of his dog while he was in the hospital. He gave Mr. SG the dog, dog food, a bowl, leash and toys. When Mr. JKG was released from the hospital on March 19, 2009, he called Mr. SG to report that he was still weak and unable to care for the dog. Mr. JKG believed that Mr. SG was continuing to care for the dog until Mr. JKG was able. On March 31, 2009, Mr. JKG called Mr. SG, thanked him for caring for the dog, and asked for the return of the dog, but Mr. SG refused. Mr. JKG took a series of steps to get his dog. He went to the police. He filed for mediation with Safe Horizons. He went to small claims court, but did not want a money judgment; he wants his dog. He went to Supreme Court. Finally, on May 21, 2010, Mr. JKG found the right venue and filed this action.
Mr. SG credibly testified that he believes that on March 14, 2009, Mr. JKG gifted the dog to him. The elements for a valid gift are: to make a valid inter vivos gift there must exist the intent on the part of the donor to make a present transfer; delivery of the gift, either actual or constructive, to the donee; and acceptance by the donee. (Gruen v Gruen, 68 NY2d 48, 53 [1986].) The only issue here is intent. Mr. SG admitted that on March 14, 2009, when he arrived at Mr. JKG’s apartment, Mr. JKG was stumbling, fell, appeared intoxicated, smelled of alcohol, and the apartment was filled with dog excrement and smelled of it. Mr. SG said the conditions of the apartment were “sickening” and estimated that the dog had not been out for a walk in more than a month. Mr. SG described his friend to be “at wit’s end” and that “he had no choice” when Mr. JKG said “I want to give you the dog as a gift.” Mr. SG credibly testified that “at first I didn’t think it was a good idea ... I felt it was not an informed decision.” He was right. Mr. JKG lacked the capacity to have a donative intent. If there was any question in Mr. SG’s mind as to whether it was a gift or not, it was clear from March 31 to today that Mr. JKG wanted his dog returned. Mr. JKG’s intent to retrieve his dog was unwavering.
The court rejects Mr. SG’s objection that Mr. JKG waited too long to request return of his dog. Mr. JKG’s requests began on *641 March 31, 2009 and have not stopped. He has made every legal effort to get his dog back.
Accordingly, it is ordered that the court finds in favor of plaintiff who shall have his dog returned to him forthwith. If the parties cannot arrange an amicable return of the dog within seven days of the date of this order, it is further ordered, that if Mr. SG fails to timely deliver Macho to Mr. JKG, then the court orders that the plaintiff may seek enforcement of the present order for delivery of the dog to the plaintiff by going to the defendant accompanied by either a marshal or sheriff of the City of New York or police officer(s) of the Police Department of the City of New York assigned by the local police precinct of the defendant’s residence.