■ In the Matter of ISAIAH T.F.-C. ADMINISTRATION FOR CHILDREN'S SERVICES-QUEENS, Respondent; CHARISSE F., Respondent. D'JUAN C., Nonparty Appellant. [23 NYS3d 914]—

Appeal from an amended order of the Family Court, Kings County (Edward W. Yuskevich, Ct. Atty. Ref.), dated December 9, 2014. The amended order denied the father's oral application for an evidentiary hearing on his pending motion, inter alia, to prohibit the foster care agency from administering any psychotropic drug to the subject child.

Ordered that the amended order is reversed, on the law,

without costs or disbursements, the father's application is granted, and the matter is remitted to the Family Court, Kings County, for a hearing on the father's pending motion.

In this child protective proceeding pursuant to Family Court Act article 10, the father moved, inter alia, to prohibit the foster care agency from administering any psychotropic drug to the subject child. At a conference before the Family Court, the father requested a full evidentiary hearing on his pending motion. In the order appealed from, the Family Court denied the father's request for a full evidentiary hearing, stating that the motion would be decided on submission only.

Under the circumstances of this case, the Family Court should have granted the father's request for a full evidentiary hearing on his motion in order to make a determination as to whether the proposed treatment of the subject child was narrowly tailored to give substantive effect to the child's liberty interest, taking into consideration all relevant circumstances, including the child's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment, and any less intrusive alternative treatments (*see Matter of Justin R.*, 63 AD3d 1163, 1163-1164 [2009]; *see also Rivers v Katz*, 67 NY2d 485, 497-498 [1986]; *Matter of Administration for Children's Servs. v Erica A.*, 37 Misc 3d 639, 652 [Fam Ct, Bronx County 2012]).

The father's remaining contentions are not properly before this Court. Dickerson, J.P., Hall, Roman and Sgroi, JJ., concur.