Matter of Pison B. (Raleigh B.) (2018 NY Slip Op 05156)





Matter of Pison B. (Raleigh B.)


2018 NY Slip Op 05156


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03490
 (Docket No. NN-13132-16)

[*1]In the Matter of Pison B. (Anonymous). Westchester County Department of Social Services, respondent; Raleigh B. (Anonymous), appellant.


Andrew W. Szczesniak, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz and Justin R. Adin of counsel), for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Westchester County (Nilda Morales-Horowitz, J.), dated March 28, 2017. The order, insofar as appealed from, after a hearing, granted the petitioner's application to authorize the administration of psychotropic medication to the subject child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this child protective proceeding pursuant to Family Court Act article 10, the petitioner made an application to the Family Court seeking authorization to administer certain psychotropic drugs to the subject child, as recommended by the child's treating psychiatrist, over the father's objection. Following a hearing on the issue, where testimony was presented from the child's treating psychiatrist, the child's caseworker, and the father, the court granted the petitioner's application.
The petitioner demonstrated, by clear and convincing evidence, that the treating psychiatrist's proposed treatment of the child with the psychotropic drugs Risperdal, Abilify, or Seroquel was narrowly tailored to give substantive effect to the child's liberty interest, taking into consideration all relevant circumstances, including the child's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment, and any less intrusive alternative treatments (see Mental Hygiene Law § 33.21; Rivers v Katz, 67 NY2d 485, 497-498; Matter of Justin R., 63 AD3d 1163). Accordingly, we agree with the Family Court's determination granting the petitioner's application to authorize the administration of such medications.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court