Matter of Ingberman v Colon (2021 NY Slip Op 02745)





Matter of Ingberman v Colon


2021 NY Slip Op 02745


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


File No. 2007-0789/B 2007-0879/B Appeal No. 13750 Case No. 2020-03749 

[*1]Proceeding to Settle the Account of Israel Ingberman as Executor of the Will of Helen Ingberman, Deceased. In the Matter of Israel Ingberman etc., Petitioner-Appellant,
v
Francisco Colon, Objectant-Respondent. 


Morea Schwartz Bradham Friedman & Brown LLP, New York (Thomas A. Brown II of counsel), for appellant.
Mary D. Dorman, New York, for respondent.



Order, Surrogate's Court, New York County (Rita Mella, S.), entered January 8, 2020, which granted objectant's motion for partial summary judgment, finding that the purported transfer of Jeanette Ingberman's individual interests in certain business entities to petitioner Israel Ingberman failed as a gift inter vivos, unanimously reversed, on the law, without costs, and the motion denied.
Petitioner and his late sister, Jeanette, objectant's wife, were co-executors of the estate of their mother, whose will provided for equal distribution to them of the residuary estate. Included in the estate were interests in various limited liability companies which provided income to the estate.
Petitioner asserted that Jeanette assigned her interests in the LLCs to him in a document dated August 31, 2009, which the parties agree did not conform to the requirements of EPTL 13-2.2(a). Objectant contends that, therefore, the assignment was ineffective, and it did not qualify as a gift under common law principles.
To be the subject of a valid gift, the property at issue must be in present physical existence and in possession of the donor. The donor must express an irrevocable intent for the gift to be operative at once, and there must be nothing more to do on the donor's part to effectuate the donee's right to the gift. The delivery required to consummate a gift must vest the donee with control and dominion over the property, but this requirement must be tailored to suit the circumstances of the case (see Matter of Szabo, 10 NY2d 94, 98 [1961]).
Here, while the August 31, 2009 instrument purports to effectuate an assignment from Jeanette to Israel, there are triable issues of fact concerning whether Jeanette relinquished dominion and control over her interest in the estate, and by extension in the LLCs, when she signed the instrument. It is undisputed that title to the interests in the LLCs remained in the estate at the time the instrument was executed, and petitioner testified that he continued to divide the distributions equally between himself and Jeanette for several years after she purportedly transferred her interests to him. Moreover, she continued to accept the distributions, and petitioner told only the estate attorney about the assignment, until months after Jeanette's death and years after the instrument was executed by her. Petitioner also did not explain why he contacted the estate attorney for the appropriate language in the instrument but did not have that attorney oversee its execution, given its value.
Objectant contends that petitioner's testimony concerning his communications with Jeanette are inadmissible under CPLR 4519. However, such testimony may be used
to defeat summary judgment if it is not the only evidence presented (see Phillips v Kantor & Co , 31 NY2d 307, 314 [1972]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021