Melendez v Perlberger (2023 NY Slip Op 04725)

Melendez v Perlberger

2023 NY Slip Op 04725

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 156807/18 Appeal No. 605 Case No. 2022-03770 

[*1]Wanda Melendez, as Administrator of the Estate of Awilda Melendez Now Deceased, Plaintiff-Appellant,
v
Carol S. Perlberger et al., Defendants-Respondents.

Mitchell Dranow, Sea Cliff, for appellant.
Callinan & Smith LLP, Wantagh (Matthew J. Smith of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered August 19, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Awilda Melendez commenced this action alleging that she sustained injuries when she was struck by defendants' vehicle near the intersection of 125th Street and Park Avenue in Manhattan. After the commencement of the action, Melendez passed away from unrelated causes, and her sister was substituted as the plaintiff.
Defendants established prima facie absence of negligence on their part by submitting defendant Carol Perlberger's deposition testimony that she was driving slowly in traffic on 125th street when she suddenly heard a "thump."After the accident, Perlberger discovered that the side mirror on the passenger side of her vehicle was shattered, which is consistent with Melendez coming into contact with the side of her vehicle.
In opposition, plaintiff failed to submit evidentiary proof in admissible form so as to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Although evidence excludable under CPLR 4519 "may be used to defeat summary judgment if it is not the only evidence presented" (Matter of Ingberman [Colon], 194 AD3d 410, 411 [1st Dept 2021]), plaintiff did not proffer any other admissible evidence in opposition to defendants' motion. Contrary to plaintiff's contention, defendants' submission of the transcript of plaintiff's testimony for the limited purpose of arguing for the applicability of CPLR 4519 could not, logically, constitute a waiver of their objection to the testimony under the statute.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023